## Bennett *against* Robinson.

A testator by his will says, "I allow my wife one-third of the profits arising off of my real estate, only so long as she remains my widow:" *Held* to be a devise of the one-third of the land itself, and strictly a conditional limitation marking the extent of interest given, against the terms of which equity cannot receive. Such estate is consequently determinable by her subsequent marriage, even without entry by the heir, or devisee over.

ERROR to the common pleas of *Westmoreland* county.

John Bennet and Rebecca his wife against Matthew Robinson's executors and terre-tenants, &c.

This action was brought to recover the one-third of the profits arising from a tract of land devised by Matthew Robinson, to his son Isaac, for one year from April 18, 1838, till April 18, 1839, being 150 dollars.

Matthew Robinson, by his last will dated December 24, 1832, devised to his wife Rebecca, as follows:—"I allow my wife one-third of the profits arising off of my real estate, only so long as she remains my widow." Rebecca, the widow, was married to John Bennet, the plaintiff, on the 18th of January 1838. All that part of the will which was supposed to be material to the case, was as follows:—

"I will and bequeath to my wife Rebecca, all the property that

[Bennett v. Robinson.]

is within my dwelling-house of every kind (except that is hereafter named in bequeaths to any of my children.)　I also allow her the old brown mare, and her two year old bay filly, her choice of a cow and calf and six sheep; (of the grain now on hand, I allow ninety bushells of wheat to be sold, one hundred bushells of rye, seventy-five bushells of corn, two hundred bushells of oats, two or three tons of hay;) the ballance of grain and hay, I allow for my wife, for the use of the family, also the grain in the ground, that is on this farm.　I allow my wife one-third of the profits arising off of my real estate, only so long as she remains my widow.　In addition to the above, I will my wife the bob horse.　My wife is to give to daughter Jane a bureau, cow and saddle when she wants them, out of what is willed to daughter Jane.

"I will and bequeath to my daughter Rosanna, her heir or assigns, four hundred dollars, a cow, bedding and beadstead, the money to be paid to her of twenty-one years of age, by my executors, out of the overplus of the sales or rents.

"I will and bequeath to my son Robert a part of two tracts of land, situate on Long run, beginning at the corner of A. Kin and Hope's land, or lines running along A. Kin's line to corner of the little field, from thence down the fence so as to include the sawmill and forelay, and continue to the road about opposite the old still-house, from thence down the road that goes down the long run to the lower lines of what is called the Coulter tract, from thence along the said line to Hoope's line, from thence alond said line to Akin's line the place of beginning, including the saw-mill, coalbank, and other buildings; also, I allow him a year old gray colt, saddle and bridle, that is called his, a cow, a two year old heifer, and too year old steer and six sheep, my son Robert is to pay out of the real estate alone bequeathed, to my son John when he becomes twenty-one yrs of age, five hundred dollars in two yearly payments; Robert is to have two sets of horse gears, plow and double trees.

"I bequeath to my son Isaac, or his heirs, the farm or tract of land I bought of Joseph Thompson (except that part of it where the saw-mill is, as named above, for my son Robert) out of which farm my daughter Jane is to get, out of the part left Isaac, three hundred and fifty dollars, to be paid to her out of the rents of said place, and if it should not be sufficient, Isaac is to pay the ballance, when she becomes of age, also my daughter Sarah's legacy of three hundred dollars when she becomes twenty-one years of age.

"I will and bequeath to my daughter Jane, or her heirs, three hundred and fifty dollars, to be paid out of what is willed to Isaac, in the way stated in my bequest to him.

"I will and bequeath to my som William, the tract of land I bought of Coulter (except that part of it mentioned for Robert, out of which my daughter Rebecca is to get a legacy of three hundred dollars, and a legacy for the child my wife is now with if it lives.)

x.—2 E*

[Bennett v. Robinson.]

" I will and bequeath to my daughter Sarah, three hundred dollars, which is to be paid by my son Isaac, when she is twenty-one years of age, out of what is willed to him.

" I will and bequeath to my daughter Rebecca (about three years old) three hundred dollars, to be paid out of the rents of Villiam's legacy and put to interest to she is 21 years of age, or if the rents is not sufficient, it must come out of William's legacy.

" I will and bequeath to the chilld my wife is bearing at this time, 300 dollars (if it lives) to be paid him or her when twenty-one yrs of age, by my son William out of his part of my estate.

" I do declare and utter, that each and all the foregoing legacies, that is to come out of my real estate, shall be leans thereon until paid.

" I do hereby ordain and appoint Samuel Taylor and James Gray, to be my executors."

*White,* president, was of opinion that the estate of the widow was determined by her marriage, and directed a judgment for the defendants.

*Coulter,* for plaintiff in error.
*H. D. Foster,* for defendant in error.

The opinion of the court was delivered by

GIBSON, C. J.—By the civil law, a condition in restraint of marriage, is void when it is annexed to a legacy without a limitation over; a devise of land is governed by the common law. Now a devise of profits, is a devise of the land from which they are to accrue; and what is the nature of the estate given by the terms of this will? " I allow my wife," says the testator, " one-third of the profits arising off all my real estate only so long as she remains my widow." Now this is not a devise upon condition, but a plain and distinct conditional limitation which was spent by the contingency of her marriage, even without entry by the heir or a devisee over. That is not contested. But it is urged that an intent, apparent and subsequent clause, to give the profits as personal estate, must control what would else be a proper interpretation of a devise of profits without more. " I do declare and utter," says the testator in conclusion, " that each and all of the foregoing *legacies* that is to come *out* of my real estate, shall be liens thereon till paid;" and hence an inference that profits, in his contemplation of them, were supposed to mean no more than the income, else it would have been absurd in him to declare a devise of the land to be a lien on it: consequently that he did not intend that the land should pass with the profits. But he had just given various pecuniary legacies to his children, payable out of land in express terms; and these are sufficient to satisfy the direction, that legacies payable out of his land should be a lien on it; and to show that it was not intended for the devise to his wife. But there is a distinction between a

[Bennett v. Robinson.]

condition and a limitation even as regards legacies. In Richards *v.* Baker, 2 *Atk.* 321, Lord Hardwicke ruled, that a husband's bequest of chattels to his wife, " so long as she remained his widow and no longer," gave them to her only during her widowhood; and the principle of that case was not questioned by Sir Thomas Plumer in Marples *v.* Bainbridge, 1 *Mod.* 590—*Am. ed.* 318, though it was ruled very properly, that the terms of the bequest did not bring the case within it. Indeed it is too deeply seated in reason to be shaken; for the object of such a limitation is not to impose a penalty, but to mark the extent of the interest given; against the terms of which, equity has not power to relieve. In every view of the case before us, therefore, it is clear that the interest or estate of the widow was determined by her marriage.

Judgment affirmed.