## Wood *versus* Hills.

19
29 SC   513/
         610/

A testator directed, "As to such worldly estate, wherewith it hath pleased God to intrust me, I dispose of the same as follows: I will and desire that all my landed estate which I own in the county of Erie, as well as in other parts of the state of Pennsylvania, and elsewhere, be disposed of as hereinafter described."

After disposing of certain parts of his real and personal estate, he added, "I also give and bequeath to my said niece, Eliza C. Ely, lot No. 38, &c., as also lot No. 53, as also lots Nos. 367 and 368, situate between Walnut and Chestnut streets, containing five acres each." There was no devise over of the lots in question.

*Held* that the clauses from the will, first above referred to, may be connected with the devise of the lots, and that Eliza, the devisee, took an estate *in fee-simple* in the lots No. 367 and 368 in question. This decision made on the authority of the case of Schriver *v.* Meyer, antea 87.

ERROR to the Common Pleas of *Erie county.*

This was an action of covenant by Rufus Hills and Eliza C. Hills his wife, late Eliza C. Ely, against William M. Wood, to recover the purchase-money of two lots of ground sold by Hills and wife to Wood. The only question involved was, whether Eliza C. Hills, late Ely, took an estate in fee-simple in the lots, under the will of Judah Colt. The lots were two out-lots, numbered 367, 368, in the plan of out-lots adjoining the town of Erie, and they were agreed to be sold to Wood for $2000. The will of Judah Colt was dated 25th November, 1831. Proved on 24th November, 1832. It contains provisions as follows:

"And as to such worldly estate wherewith it hath pleased God to intrust me, I dispose of the same as follows:

"I will and desire that all my landed estate which I own in the county of Erie, as well as in other parts of the state of Pennsylvania and elsewhere, be disposed of as hereinafter described."

The testator, after disposing of some parts of his real and personal estate, proceeds as follows:

Item.—"I give and bequeath to my niece Eliza C. Ely the north end of the brick building situate on the corner of French and Fourth streets, &c. I also give and bequeath to my said niece Eliza C. Ely lot No. 38, situate in the corner of Chestnut and Sixth street, containing five acres; as also lot No. 53 situate in the corner of Chestnut and Seventh streets, containing five acres; also lots Nos. 367 and 368 situate between Walnut and Chestnut street, containing five acres each; the three last-mentioned lots are not yet patented. It is my will that there be so much money appropriated from or out of my evidences of debt, as to pay the amount due the Commonwealth of Pennsylvania. Also, I give to my niece Eliza C. Ely village lot No. 2615 on Fourth street, between Holland and German streets; also, I give to my niece Eliza C. Ely a further sum of one thousand dollars, to be

[Wood *v.* Hills.]

paid over to her from the evidences of debts which shall be due my estate at my demise, and a further sum of one thousand dollars at the demise of my wife Elizabeth."

In the case stated it was agreed that if the Court were of opinion that Eliza C. Hills took an estate in fee-simple in the lots under said will, then judgment to be entered for the plaintiff; if otherwise, then for the defendant.

August 4, 1851, judgment entered for the plaintiffs.

The entry of such judgment was assigned for error.

*Marshall,* for plaintiff in error.—The intention of the testator should be carried into effect if not contrary to law, even though such intention shall not be expressed in the usual form; but such intention must appear by the *words of the will,* and not by conjecture: Clayton *v.* Clayton, 3 *Binn.* 476.

In order to make a devise of lands without any limitation a fee, such an intention *must appear* as to satisfy the conscience of the Court in presuming it. If it is only problematical, the rule of law must take place: Roe *v.* Blackett, 1 *Camp.* 235; Frogmorton *v.* Wright, 2 *Wm. B.* 889; Steele *v.* Thompson, 14 *Ser. & R.* 84.

Devise of a plantation, subject to the life estate of the devisee's mother in one-third, passes but a life estate: 9 *Barr* 226, Calhoun *v.* Cook.

*Vincent,* for defendants.—In devises no technical words of inheritance are necessary to pass a fee-simple interest. The intention of the testator will govern. The intention is to be gathered from all the clauses of the will united, and of these the introductory clause is a very material one in the absence of any restriction, and is generally to be treated as if repeated with each devising clause: Bramston, lessee, *v.* Holiday *et al.,* 3 *Burr.* 1618; Winchester's lessee *v.* Tilghman, 1 *Harris & McHenry* 452; Campbell & Wife *v.* Carson, 12 *Ser. & R.* 54; French *v.* McIlhenny, 2 *Bin.* 13; Peppard *v.* Deal, 9 *Barr* 140; Wyld *v.* Lewis, 1 *Atk.* 432; Brown's lessee *v.* Taylor, 1 *Barr* 271; Beachcroft *v.* Beachcroft, 2 *Ver.* 690; Grayson *v.* Atkinson, 1 *Wils.* 333; Ferguson *v.* Zepp, 4 *W. C. C. R.* 645.

"I give and devise to A. all my real and personal property" passes a fee-simple in lands: Morrison *v.* Semple, 6 *Bin.* 94; Peppard *v.* Deal, 9 *Barr* 140. "My wife E. shall have all what I have, both real and movable property in her possession, to do with as she thinks good and proper; all shall be let in her power, that is, into the hands of my wife." Held to create an estate in fee in the lands of which the testator died seised: 3 *W. & Ser.* 419, Dice *v.* Sheffer.

A testator among other things devised as follows: "There

remains one half of the tract my son W. and I live on, in my
right, which I bequeath to my daughter M., wife of C., to be
divided according to the conveyance. In short, my will is that
C. and M., my son-in-law and daughter, have my share of that
land." Held that the devise to the daughter in the first clause
was in fee: McClure & Douthett, 3 *Barr* 446; re-affirmed in 6
*Barr* 414; Miller *v.* Lynn, 7 *Barr* 433; Johnson *v.* Morton, 10
*Barr* 245.

The opinion of the Court was delivered by

WOODWARD, J.—The only question in this case arises upon the
construction of the will of Judah Colt, deceased. After the usual
introductory clause, the testator says: "As to such worldly estate
wherewith it hath pleased God to intrust me, I dispose of the
same as follows." Imprimis—relates to debts and funeral expenses.
"Second, I will and devise that all my landed estate which I own
in the county of Erie, as well as in other parts of the state of
Pennsylvania and elsewhere, be disposed of as hereinafter de-
scribed." He then goes on to make various devises to his niece
Eliza C. Ely, and among others the two lots in question, known
as 367 and 368. In these devises to her there are no words of
inheritance, condition, or limitation, and no devise over of any of
the property given to her. Is her estate under this will, a life
estate or a fee-simple? Carrying down the clauses of the will
which I have quoted, and connecting them with the devise to Eliza,
it is apparent that he meant to give her his whole estate in these
lots, and this conviction is riveted by the absence of any devise
over.

But may these clauses be thus brought down and connected?
That they may, has been so fully demonstrated lately in this Court
by my Brother LOWRIE, in the case of Schriver *v.* Meyer, that it
would be a waste of time to do more than refer to that able
opinion, and to the numerous authorities therein cited and dis-
cussed.

I take this opportunity to say in regard to Schriver *v.* Meyer, that
finding on record (see 4 *Harris's State Reports* 504) an opinion
from a judge who is entitled to my profoundest deference, that the
will there created only a life estate, I paused long before I con-
sented to Judge LOWRIE'S opinion that it created a fee. But I
was constrained at last by the force, not only of authority, but
of reason, to concur with him and our Brother LEWIS, in overruling
the former opinion of this Court, and in declaring the estate
devised to be a fee-simple, and not a life estate. Subsequent reflec-
tion has confirmed me in the opinion finally settled in that case—
an opinion abundantly sustained by the most approved authorities,
and in accordance with the spirit of our legislation in the Act of
8th April, 1833, relating to last wills and testaments, sec. 9.

[Wood *v.* Hills.]

On the authority of Schriver *v.* Meyer, therefore, the majority of the Court decide in the case before us, that Eliza C. Ely took a fee-simple estate in the lots in question, under the will of Judah Colt, and the judgment of the Common Pleas is accordingly affirmed.