## Cooper *versus* Pogue.

1. A will contained the following clause; "To my beloved wife P. (so long as she remains my widow) I give all the income of the home farm, on which I now live, containing two hundred acres, more or less, with all the tenements and appurtenances belonging thereto, together with all the products arising therefrom; also, the mansion house in which I live, together with all belonging to it, and all that is in it, or about it, I give to my beloved wife P., the same to be hers and to belong to her for ever." *Held*, that the widow had a life-estate in the realty, limited further by the duration of her widowhood, and that she took the personalty absolutely.

2. The income and profits having been limited to the duration of the widowhood, her estate in the land was limited to the same period of time. She took an estate for life, because it might possibly last for life; but liable to be determined sooner on the happening of the contingency of her marriage.

November 21st 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Washington county:* Of October and November Term 1879, No. 256.

Ejectment by George Pogue and others against Robert P. Cooper, for a tract of 200 acres of land in Jefferson township, Washington county.

Robert Pogue, through whom both parties claimed title, died in 1860, leaving a will which contained, inter alia, the following clause:

"To my beloved wife, Sarah Pogue (so long as she remains my widow) I give all the income of the home farm, on which I now live, containing two hundred acres, more or less, with all the tenements and appurtenances belonging thereto, together with all the products arising therefrom, also the mansion house in which I live, together with all belonging to it, and all that is in it, or about it, I give to my beloved wife, Sarah Pogue, the same to be hers, and to belong to her for ever."

Testator's widow, Sarah Pogue, survived him, did not re-marry, and died in the possession of the mansion house and home farm, devised to her by the will, on the 10th of November 1876. They had no children. It was admitted on the trial, that the plaintiffs were the heirs-at-law of the husband, and that the defendant was one of the heirs of the wife, holding possession for himself and them. After giving evidence as to mesne profits, the plaintiffs rested, claiming to recover under the intestate laws. The defendant offered the will in evidence to show, that Robert Pogue died testate, and under the devise to his widow, the title to the disputed premises at her death, vested in her heirs. The plaintiffs objected, on the ground, that the will on its face did not carry a fee in the land to Sarah Pogue, and away from the heirs-at-law. The court overruled the offer.

[Cooper v. Pogue.]

The defendant asked the court to admit the will and reserve the question of construction, stating his intention to follow the will with extrinsic evidence. The court thought they must decide upon the objections, and suggested that the extrinsic evidence should accompany the offer of the will.

The defendant then, in connection with the will, proposed to show that "Robert Pogue bought the land in dispute March 3d 1831, of Alexander Leiper; and that he married Sarah, his late widow, in the fall of that year; that he was a man of small means when he married, and that the estate he accumulated, was the result of their joint industry and frugality; that the mansion house thereon was not erected until 1845; that March 5th 1840, the testator purchased about one hundred acres of land in the same township, from the Everett heirs, for $2500, which farm he afterwards, shortly before his death, agreed to convey to George W. Pogue, one of the plaintiffs and executor of his will, in exchange for a tract of land in Whiteside county, Illinois, mentioned in the will, and the deed for the same to George W. Pogue was executed November 17th 1859, three days after the making of his will by the testator; this for the purpose of showing the circumstances under which the will was made, in respect to the state or condition of the testator's property; and for the purpose of placing the minds of the court and jury as nearly as possible in the circumstances of the testator, when he made the devising clause which needs interpretation."

Plaintiff objected, that the will did not carry a fee to Sarah Pogue, and away from the heirs of Robert Pogue; and objected to parol evidence offered in connection therewith, because there was no latent ambiguity in the will, and because the meaning of the testator could not be explained by evidence outside of the will. Second, that the offer was incompetent and irrelevant.

After full argument, the court overruled the offer of the will and extrinsic evidence pro forma, and sealed a bill for the defendant, saying, they would direct the jury to render a verdict for the plaintiffs, and consider the question raised on a motion for a new trial.

The defendant excepted, and filed a motion for a new trial. The court entertained the motion for a new trial, but afterwards overruled it, without further argument. After the entry of judgment, the defendant took this writ and alleged, that the court erred in the above rulings.

A. W. & M. C. Acheson, for plaintiff in error.—Words of perpetuity are naturally connected with gifts of real estate, and not with gifts of personal estate. Ought there to be any division of the clause in the will at all? It should be taken as a whole, and the words of perpetuity given full effect in connection with the

[Cooper *v.* Pogue.]

devise; then the conclusion is irresistible, that the testator gave his wife the farm and mansion house for ever, if she remained his widow. If the words "so long as she remains my widow," cannot be reconciled with the words of perpetuity, they must give way under the rule of construction relating to repugnant clauses in a will. A devise of profits, is a devise of the land itself: France's Est., 25 P. F. Smith 223; Crosky *v.* Dodds, 6 Norris 359. Where there is no devise over, nor any language in the will indicating an intention to give less than a fee-simple, the devisee takes nothing less: Shinn *v.* Holmes, 1 Casey 144; Schriver *v.* Meyer, 7 Harris 87; Wood *v.* Hills, 7 Id. 513.

It was proper to show how the wife assisted by her industry and frugality to accumulate the estate. The court and jury should know how the testator was situated at the time he made his will, who were his nearest kin, what property he owned, in order that they may arrive at the real intention expressed in the will: Weidman *v.* Maish, 4 Harris 504; Schriver *v.* Meyer, *supra;* Postlethwait's Appeal, 18 P. F. Smith 478; Rewalt *v.* Ulrich, 11 Harris 388; 1 Redfield on Wills, c. 10, sect. 1.

*D. F. Patterson* and *Alexander Wilson,* for defendants in error.—An estate to a woman, so long as she remains a widow, is an estate for life: 2 Black. Com. 121; Rodgers *v.* Rodgers, 7 Watts 15; Bennett *v.* Robinson, 10 Id. 348.

It is manifest from a single reading of the clause of the will in dispute, that it makes two distinct gifts. The words "I give" are used twice in the clause. By the use of the first "give," something is bestowed upon Sarah Pogue, with the express qualification that it is given to her during widowhood; by the second "give," some other and different thing is bequeathed to her, with the express declaration that it is to be hers and to belong to her for ever. This is so plainly expressed on the face of the writing, that it is impossible to understand that all the legacies mentioned in the disputed clause were given for the same period, that is, either during widowhood or for ever. The court must draw a line between what was given to be Sarah Pogue's during her widowhood, and what was given to be hers for ever, because the testator has plainly and expressly directed the drawing of such line. The subject-matter of the first gift was real estate. Of the second gift, personal property.

Mr. Justice MERCUR delivered the opinion of the court, January 5th 1880.

This contention arises under a clause in the last will and testament of Robert Pogue. It is this: "to my beloved wife, Sarah Pogue (so long as she remains my widow), I give all the income of the home farm, on which I now live, containing two

[Cooper v. Pogue.]

hundred acres more or less, with all the tenements and appurtenances belonging thereto, together with all the products arising therefrom, also the mansion house in which I live, together with all belonging to it, and all that is in it, or about it, I give to my beloved wife, Sarah Pogue, the same to be hers and to belong to her for ever."

The question is, what estate did Sarah Pogue take in the home farm and mansion house thereon?

In the clause quoted the words "I give" are used twice, once before the use and product of the real estate are devised, and once after the personal estate is specified. It begins by declaring, "to my beloved wife, so long as she remains my widow, I give all the income of the home farm * * * with all the tenements and appurtenances belonging thereto, together with all the products arising therefrom, also the mansion house in which I live." If the clause ended here, there would be no reason to doubt either the intention of the testator or the legal effect of the devise. In clear and express language the income and profits of the lands were given to her only so long as she remained his widow. There is not only an absence of words necessary to pass a fee, but there is the express use of words giving a less estate. The gift is unequivocally limited to the time that she shall remain his widow. At the latest the interest devised ended at her death; but would end sooner in case of her marriage. While a devise of the income and profits of land is a devise of the land itself, yet it is a devise of it for no longer period of time than the testator gave the income and profits: France's Estate, 25 P. F. Smith 220. The income and profits having been limited to the duration of her widowhood, her estate in the land was limited to the same period of time. She took an estate for life, because it might possibly last for life, but liable to be determined sooner, on the happening of the contingency of her marriage: 2 Black. Com. 121; 4 Kent's Com. 26; Rodgers v. Rodgers, 7 Watts 15. It is not a devise upon condition, nor one the object of which is to impose a penalty or forfeiture; but it is a conditional limitation which marks the extent of the duration of the interest given: Bennett v. Robinson, 10 Watts 348.

The clause proceeds, "together with all belonging to it, and all that is in it, or about it, I give to my beloved-wife, Sarah Pogue, the same to be hers and to belong to her for ever." "It," manifestly refers to the mansion house stated in the preceding sentence, and the property in and about the house he gives to her. This evidently means personal property. How does he give it? Not as he has given the products of the land so long as she remains his widow, but "to be hers and to belong to her for ever." The distinction is thus clearly made between the real and the personal estate. The former is given to her for life, the latter for ever. This view gives effect to the letter and spirit of the will. It would be

11 Norris—17

[Cooper *v.* Pogue.]

giving an unnatural interpretation to the clause to say the latter "I give" refers to the use and products of the lands. They had already been given in distinct and appropriate language. It would do still greater violence to the reading of the will to hold that the gift "to her for ever," which following immediately after the personal estate, had any reference to that other property that he had just said she should have only so long as she remained his widow. As the last part of the clause reasonably and naturally applies to the personal estate only, we will not assume that it was intended to contradict the language he had used in regard to the real estate, nor to change the estate therein given. We see nothing obscure or ambiguous in the will. It does clearly appear therein, that the testator intended to devise to his wife, an estate in the land less than a fee. The fact that he did not devise the remainder is insufficient to overcome or change the effect of the language giving his wife a life-estate only. It follows that the parol evidence offered was insufficient to change its legal effect, and the title of the testator's heirs must prevail.

Judgment affirmed.