## WEISS' APPEAL.

A devise of "all the interests of money and rents for her use during her life" gives the rents and profits accruing during the life of the devisee to her absolutely.

Appeal from the Orphans' Court of Lehigh County. No. 336½ January Term, 1883.

An auditor was appointed to distribute the estates of Joseph Weiss and Susanna Weiss, his wife. He made a report which

was excepted to ; and the Court sustained the exceptions in the following opinion, per

HAGENMAN, P. J.:

Joseph Weiss died in 1863, leaving a will wherein he appointed his wife, Susanna and his brother-in-law, Reuben Weiss, his executors. Reuben died, thus leaving Susanna to survive him, who administered the trust. Susanna Weiss died in November, 1881, leaving a will in which Martin Kemmerer was appointed her executor. Two accounts were filed by him : one as executor of Susanna Weiss, who was surviving executor of Joseph Weiss, the other as the executor of Susanna Weiss.

The Court appointed J. Winslow Wood, Esq., auditor on both accounts to audit, resettle and make distribution. The auditor reported the estate in both accounts as being the estate of Joseph Weiss, deceased. To this the legatees under the will of Susanna Weiss excepted.

Joseph Weiss died, leaving considerable real and persona property. In his will he provided as follows : My beloved wife Susanna shall stay in this house as long as she lives, and have all the furniture that is now in the house. Secondly after all my just debts are paid, it is my will that my beloved wife shall have all the interests of my moneys and rents for her use during life, and after death all my property real and personal shall be divided in two equal parts. The one part shall be divided among my sisters and brothers, and the other part shall be divided among my wife's sisters and brothers. Susanna Weiss after the death of her husband took possession of all his real estate, leased it and collected the rents, and as surviving executor loaned out the money of the estate collected and the interest so received in her own name. These accumlations the auditor finds amount to the sum of $6,950.95 and this he reports and distributes as the estate of Joseph Weiss. The legatees, brothers and sisters of Susanna Weiss claim the sum as being her estate, and hence except to the auditor's report. This raised the question what estate did Susanna Weiss take under the will of her husband. It is the one embraced in the several exceptions.

The will of Joseph Weiss reads : "my beloved wife shall

have all the interest of my money and rents for her use during life."

Whenever in a deed or will granting or devising real estate to one for life, or to the use of one for life, a life estate is vested in the grantee or devisee. And so to a grant or devise of the profits of land passes the land itself. In Drusadow vs. Wilde, 13 Smith, 172, Judge Sharswood says: "There is no construction of words older and better settled than that a grant or devise of the profits of land passes the land itself;" "for what," says Lord Cope, "is the land but the profits thereof, for thereby vesture, herbage, trees, mines and all whatever parcel of the land doth pass."

In France's Estate, 25 Smith, 224, Judge Mercur says it is well settled as a general rule of law that a devise of the rents, issues, and profits of land is equivalent to a devise of the land itself for such a length of time as the income, rents and use of the property are given. In Cooper vs. Pogue, 11 Nor., 254, the testator gave to his wife so long as she remains his widow all the income of the home farm. This was held to be a life estate in realty, limited by the duration of her widowhood. The present Chief Justice in the opinion says: A devise of the income and profits of land is a devise of the land itself, yet it is a devise of it for no longer period of time than the testator gave the income and profits. The income and profits having been limited to the duration of her widowhood, her estate in the land was limited to the same period of time. She took an estate for life because it might possibly last for life, but liable to be determined sooner on the happening of the contingency of her marriage. From these authorities, to which many others may be added, it is obvious that Susanna Weiss took an estate for life in the real estate and in the personalty. The rents of the land and the interest of the money was hers absolutely. Unmistakably she was the object of his bounty. When he gave her for her use the interests and rents for life he never intended to give her less than an absolute estate in them. Nowhere in the will is there an expression from which an inference can be drawn that he designed a less estate. The testator did not do as is so often

3 Wa 26

done, limit the estate so long as she remained his widow. He gave it to her for life, and if she had married again she would still have continued to hold the estate during her life. The interests and rents being hers absolutely, it follows, of course, that the accumulations were also hers absolutely to do with as she pleased during life and at her death to dispose of by will if she saw proper to do so, and, if she died without making a will, they would be distributed under the intestate laws as her estate and to her heirs. Suppose the will of Joseph Weiss had given to his wife the interests and rents so long as she remained his widow, and that she had accumulated the same amount of property and married; will any one contend that she could not retain the accumulations as her property but must at once account to the estate of Joseph Weiss for them? To my mind the case is free from doubt.

The exceptions are sustained and the distribution reported by the auditor, distributing the accumulation fund as the estate of Joseph Weiss is set aside. A second distribution is added to the report distributing the fund as the estate of Susanna Weiss. This was done to avoid the necessity of referring the report back to the auditor, should the Court not agree with him in the distribution which he has made. The second distribution is adopted and with this correction the report is confirmed.

———————

The legatees under the will of Joseph Weiss then appealed to the Supreme Court complaining that the Court erred in not distributing the fund accumulated by Susanna Weiss to them.

*R. E. Wright & Sons*, for appellants, cited Hoge's Estate; 1 Brewster, 307; Edmondson vs. Nichols, 22 Pa., 74; Schott's Estate, 78 Pa., 40; Parker's Appeal, 61 Pa., 478; Reiff's Appeal, 60 Pa., 361; Alsop's Appeal, 9 Pa., 374; Nathans vs. Morris, 4 Wh., 389; Donahue vs. Helme, 5 W. N. C., 539; Musselman's Estate, 39 Pa., 469; Cowles vs. Cowles, 53 Pa., 175; Blackford's Estate, 4 W. N. C., 17.

*M. C. Kline, Esq., contra*, cited Dillin vs. Wright, 73 Pa., 178; Wilson vs. McKeehan, 53 Pa., 79; Drusadow vs. Wilde, 63 Pa., 170; France's Estate, 75 Pa., 220; Cooper vs. Pogue,

92 Pa., 254; Walker vs. Milligan, 45 Pa., 178. Mrs. Weiss' interest would have been attachable; Girard Life Insurance Co. vs. Chambers, 46 Pa., 485.

The Supreme Court affirmed the decree of the Orphans' Court on March 3rd, 1884, in the following opinion,

PER CURIAM:

We discover no error in this decree of distribution. A devise of "all the interests of money and rents for her use during her life" gave to her absolutely the interests and rents during her life. A devise of rents and profits of land is equivalent to a devise of the land itself for such a length of time as the rents and profits are devised; France's Estate, 75 Pa., 220; Cooper vs. Pogue, 92 Pa., 254. Mrs. Weiss therefore took an estate for life in the real estate and in the personalty. The rents and interest during that time became hers absolutely.

> Decree affirmed and appeal dismissed at the costs of the appellant.