HELM v. LEGGETT.

Opinion delivered December 10, 1898.

1. DEVISE—CONDITION IN RESTRAINT OF MARRIAGE.—A devise of land by a testator to his wife for so much of her natural life as she shall remain unmarried, and, upon her death or subsequent marriage, to his child, is valid. (Page 24.)

2. SAME—ELECTION—HOMESTEAD.—Where a testator devised certain lands, including his homestead, together with the sole use and control thereof and all rents and issues arising therefrom, to his wife for and during her natural life or widowhood, provided that upon her subsequent death or marriage it should go to his child, the devise is repugnant to her right of homestead, and if she elects to take under the devise, she cannot, after marrying, hold the homestead or any of the other lands devised to her. (Page 24.)

Appeal from Independence circuit court in chancery.

RICHARD H. POWELL, Judge.

J. W. Butler and Elisha Baxter, for appellants.

The condition of the bequest was void because in restraint of marriage. 4 Kent, Com. side page 130; 1 Story, Eq. § 274. The widow can not be deprived of her homestead right by any act of the husband. Thomp. Hom. & Ex. §§ 690, 589, 590, 280; Sand. &. H. Dig. §§ 3713, 3714; Const. of Ark., art. 9, §§ 3, 6. She is entitled to it against heirs as well as creditiors. 31 Ark. 145; 33 Ark. 399.

Neill & Neill and Yancey & Fulkerson, for appellees.

A devise to a widow during widowhood is valid. L. R. 1 Ch. Div. 403; 2 Wh. & Tud. L. Cas. Eq. 105; 24 Ga. 139; 12 Ill. 424; 26 Md. 347; 59 Md. 231; 85 Va. 509; 114 Ind. 8; 24 Mo. 70; 7 Conn. 568; Story, Eq. 280; 20 Wend. 53; 38 Pa. St. 422; 21 Tex. 597; 2 Sneed, 512; 10 La. An. 466; 2 Jarman, Wills, 44; Tiedeman Real Prop. § 281. The widow's election to take under the will bars her right of homestead where such provision of the will is repugnant to the homestead right. 64 Ark. 1; 2 Johns. 348; 1 Pom. Eq. Jur. 541.

BATTLE. J.   George L. Massey died at his residence in In-

dependence county, in this state, in the year 1891, leaving surviving him Sarah J. Massey, his widow, and Ida Leggett, Edwin L. Massey, Harry M. Massey, and Louis O'Neal Massey, his only children and heirs at law. He left a last will and testament, by which he made a devise as follows: "I give and devise unto my wife, Sarah J. Massey, for the period of her natural life, or so long as she shall remain my widow, the following described lands, to-wit: [Here he describes the land.] My said wife to have the sole use and control of said lands devised to her, and all rents and issues arising therefrom, for and during the period of her natural life, unless she should marry, in which event it is my will that her interest in said lands shall at once cease and determine. At the death of my said wife or upon her marrying, the lands herein above devised to her shall go to and become the property in fee simple of my son, Louis O'Neal Massey." The widow took possession of the lands devised to her, "and remained in possession of all the same until the time hereinafter mentioned, accepting the same under the will." Thereafter, on the 26th of September, 1894, she intermarried with P. B. Helm, and on the 15th of December, 1894, caused a part of the lands devised to her to be set apart to her as a homestead. The question is, can she hold the lands so set apart, after having elected to take under the will?

A devise of land by a testator to his wife for so much of her natural life as she shall remain his widow, and after her death or widowhood to a child, has, generally, if not universally, been upheld and sustained by the courts. In fact, it may now be considered a well-established rule of law. *Allen* v. *Jackson*, L. R. 1 Ch. Div. 403; *Snider* v. *Newsom*, 24 Ga. 139; *Bostick* v. *Blades*, 59 Md. 231; *Phillips* v. *Medburry*, 7 Conn. 568; *Cornell* v. *Lovett's Executor*, 35 Pa. St. 100; *Bennett* v. *Robinson*, 10 Watts, 348; *Pringle* v. *Dunkley*, 14 Sm. & M. 16; Schouler, Wills, (2 Ed.) §§ 22, 603.

To determine whether a widow must elect to take the homestead of her deceased husband, in lieu of a devise to her, in order to hold the same, this court has adopted the rule which formerly prevailed as to dower. . In *Stokes* v. *Pillow*, 64 Ark. 1, Mr. Justice Riddick said: "Although there may be no express declaration to that effect, yet if the devise to the widow

is clearly inconsistent with her right to claim a homestead, then it will be treated as made in lieu of her homestead estate, and she must make her election whether to claim her homestead estate or take the provision given by the will." According to this rule, the devise to the widow must be so repugnant to the claim of homestead that they cannot stand together, or she will not be compelled to elect. *Lewis* v. *Smith*, 5 Seld. 502.

Can the devise to the wife in this case and her homestead right stand together? The homestead interest, as frequently defined by this court, is a mere right to the occupancy and control of the land and improvements which constitute the homestead, and to the rents and issues thereof. The devise was of certain real estate, including the homestead and other lands, for and during her natural life or widowhood, together with the sole use and control thereof, and all rents and issues arising therefrom. The devise specifically embraces all those things which constitute the homestead interest. There is no room to say that it does not. It does so expressly by enumeration. In this way the will virtually provides that the devise shall be in lieu of the homestead, and then provides that, if the widow shall marry, it shall cease and determine, and the lands so devised to her shall go to and become the property in fee simple of his son Louis O'Neal Massey. She was, therefore, compelled to elect which of the two—the homestead interest or devise—she would take, and, having elected to take the former, and married, she cannot afterwards hold the homestead or any of the lands devised to her.

Decree affirmed.

RIDDICK, J., dissented.