# Long *v.* Hill, Appellant.

*Wills—Fee or life estate—Presumption—Disposal of entire estate—Disinheriting heir—Mingling of real and personal property—Gift to widow.*

It is a presumption of law that a testator intends to dispose of his entire property.

The heir is not to be disinherited except by express words or necessary implication.

The blending of real and personal estate in a testamentary disposition may, in the absence of any inconsistent provision, indicate an intention to give the same interest in both, and hence that when the language employed is such as to create a fee in the realty the testator intends to make the gift of

the personalty absolute. But even terms expressing an absolute gift of the personalty will not create a fee in the realty, when it appears that it is the intention of the testator to give a less estate.

Testator stating that it was his intention to dispose of his whole estate, gave and bequeathed to his wife all of his estate real, personal and mixed "to be held for her own use and benefit so long as she shall remain my widow." He appointed his wife and son executors and gave them full power to sell real estate. There was no residuary clause in the will. *Held,* that the widow did not take a fee in the real estate.

Argued March 8, 1905. Appeal, No. 13, March T., 1905, by defendant, from judgment of C. P. Lycoming Co., June T., 1904, No. 210, for plaintiff on case stated in suit of Anabelle Long v. Jennie Belle Hill. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER and HENDERSON, JJ. Affirmed.

Ejectment for land in Muncy Borough. Before HART, P. J.

The parties submitted a case stated and the court entered judgment for plaintiff.

*Error assigned* was judgment for plaintiff.

*P. T. Ames,* with him *T. P. Hammond,* for appellant.—It has been uniformly held that such introductory words as are used by John Long in his will, to wit: "As to such worldly estate as it has pleased God in his goodness to entrust me with, I dispose of the same as follows:" are carried down to the body of the will to show the intention to give an absolute estate; and in the absence of a gift over to imply a fee: Schriver v. Meyer, 19 Pa. 87; Wood v. Hills, 19 Pa. 513; Shinn v. Holmes, 25 Pa. 142; McIntyre v. McIntyre, 123 Pa. 323; Mitchell v. Railway Co., 165 Pa. 645; Jeremy's Estate, 178 Pa. 477.

The burden of proof is upon those who claim that a less estate was intended by the testator: Kiefel v. Keppler, 173 Pa. 181; Schuldt v. Herbine, 3 Pa. Superior Ct. 65; Crosky v. Dodds, 87 Pa. 359; Shirey v. Postlethwaite, 72 Pa. 39.

The second clause of the will of John Long bequeathed to his beloved wife, Catharine G., all of my "estate." The word "estate" is sufficient to convey his entire interest in the land, unless restrained by particular words of expression: Turbett

v. Turbett, 3 Yeates, 187; Hofius v. Hofius, 92 Pa. 305; Hackett v. Commonwealth, 102 Pa. 505; Lewis's Appeal, 108 Pa. 133.

The gift of real and personal property by the same words shows an intent to give the same interest in both; that is to say, an absolute interest, for no one ever doubted that the expression (all his real and personal property) gave an absolute interest in personal property: Morrison v. Semple, 6 Binney, 94; Drennan's App., 118 Pa. 176; Campbell v. Carson, 12 S. & R. 54; Foster v. Stewart, 18 Pa. 23; Willard's Estate, 68 Pa. 327.

It is a general rule in this state that the gift of personal property for life, without any limitation over and without the intervention of a trustee, is an absolute gift: Merkel's Appeal, 109 Pa. 235; Drennan's Appeal, 118 Pa. 176; Grove's Estate, 58 Pa. 429; Silknitter's Appeal, 45 Pa. 365; Smith's Appeal, 23 Pa. 9; Brownfield's Estate, 8 Watts, 465.

Catharine G. Long, the widow of the testator, John Long, being the first taker under decedent's will was the favorite object of his bounty and entitled to the benefit of every implication: Smith's Appeal, 23 Pa. 9; Rewalt v. Ulrich, 23 Pa. 388; McFarland's Appeal, 37 Pa. 300; Wilson v. McKeehan, 53 Pa. 79; Mitchell v. Railway Co., 165 Pa. 645; Barrett's Estate, 22 Pa. Superior Ct. 74; Appeal of Board of Missions, 91 Pa. 507; Miller's Appeal, 113 Pa. 459; Hofius v. Hofius, 92 Pa. 305; Reimer's Estate, 159 Pa. 212; Steven's Estate, 164 Pa. 209; Striewig's Estate, 169 Pa. 61; Woodside's Estate, 188 Pa. 45; Raudenbach's Appeal, 87 Pa. 51; Little's Appeal, 81 Pa. 190; Vance's Estate, 209 Pa. 561.

John Long, the decedent, having made a will, the presumption is that he did not intend to die intestate as to any part of his property.

*Emerson Collins*, with him *W. K. Bastian*, for appellee.—The rule that a devise for widowhood creates at most but a life estate is settled: Cooper v. Pogue, 92 Pa. 254; Long v. Paul, 127 Pa. 456; Redding v. Rice, 171 Pa. 301.

An heir will not be disinherited except by express words or necessary implication: France's Estate, 75 Pa. 220; Grim's Appeal, 89 Pa. 333; Hoffner v. Wynkoop, 97 Pa. 130.

OPINION BY SMITH, J., December 12, 1905:

The testator prefaced the disposition of his property with the clause, "and as to such worldly estate as it has pleased God in His goodness to entrust me with, I dispose of the same as follows : "

The gift to his wife is in the following terms : "Second. I give and bequeath to my beloved wife, Catherine G., all my estate, real, personal and mixed, of which I shall die seized or possessed, to be held by her for her own use and benefit so long as she shall remain my widow (excepting such articles hereafter bequeathed to my two children)."

The testator's wife and son were named as executors, with a power as to the real estate expressed in the following terms : " Fifth. I invest my executors (if they may deem it necessary and expedient hereafter to dispose of any portion of my real estate) with full power and authority to convey the same in fee simple, in as full and large a manner in every respect, I could myself do if living."

The controversy here is with respect to the estate in the land given to the testator's widow.

It is well settled, as a presumption of law, that a testator intends to dispose of his entire estate. To do this, however, he must employ language sufficient in law to accomplish the purpose, and failure in this will defeat his intention. It is equally well settled that the heir is not to be disinherited except by express words or necessary implication. In construing the will before us, we must have regard to both these principles.

Since a will operates, in effect, as a conveyance, at common law words of inheritance were necessary to give a fee. This has been remedied by our statute of wills, of April 8, 1833, P. L. 249 section 9, which provides that " All devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appear by a devise over, or by words of limitation, or otherwise, in the will, that the testator intended to devise a less estate."

In the present case, the devising clause under consideration, while embracing in general terms all the testator's estate, without words of inheritance or perpetuity, and also contains words of limitation from which it clearly appears that the testator in-

tended to devise a less estate than a fee. The estate devised to the wife is "to be held by her for her own use and benefit so long as she shall remain my widow." This unequivocally fixes the measure of the devise ; it creates an estate for life, defeasible on the remarriage of the devisee: Redding v. Rice, 171 Pa. 301. This conclusion is aided by the discretionary power of sale subsequently given to the executors. This power is inconsistent with an intention to give the fee to the testator's wife, since such a disposition of it would leave nothing for the power to operate on. The power of sale is an inseparable incident of ownership, and with the fee vested in a devisee there is nothing for executors to sell.

In the construction of wills executed previous to the act of 1833, which contained a devise of land without words of inheritance, it was frequently held that these were in effect supplied by the preliminary declaration that the testator disposes of his estate in the manner thereafter set forth ; the introductory words being " carried down into the corpus of the will, to show that the testator meant to dispose of his whole interest in a particular devise, unless words are used which plainly indicate an intent to limit it : " McCullough v. Gilmore, 11 Pa. 370 ; Mitchell v. Railway Co., 165 Pa. 645 ; McIntyre v. McIntyre, 123 Pa. 323 ; Shinn v. Holmes, 25 Pa. 142 ; Wood v. Hills, 19 Pa. 513 ; Schriver v. Meyer, 19 Pa. 87. But this application of the prefatory words prevailed only when nothing in the will indicated an intent to limit the devise ; and under the statute of wills it is no longer necessary to read into a devise an expression of intent that will perform the office of words of inheritance. Every devise now imports a fee, unless it appears from the will that a less estate was intended by the testator. But neither the general declaration of intent, nor the statutory provision, will create a fee when it is otherwise manifest, from the terms of the will, that the devise of a fee was not the testator's intention : Cooper v. Pogue, 92 Pa. 254 ; Long v. Paul, 127 Pa. 456 ; Redding v. Rice, 171 Pa. 301. In its application to the present case, there is nothing in this view inconsistent with the principle that the first taker is regarded as the primary object of the testator's bounty, and that the will is to be so construed, if possible, as to make the gift to such person effectual. Here the gift to the first person is made effec-

tual. It is only the quantum of this gift that is in question; and we hold that it was a life estate and not a fee. The language used by the testator failed to dispose of the fee, and as to this he died intestate.

The blending of real and personal estate in a testamentary disposition may, in the absence of any inconsistent provision, indicate an intention to give the same interest in both, and hence that when the language employed is such as to create a fee in the realty the testator intends to make the gift of the personalty absolute. But even terms expressing an absolute gift of the personalty will not create a fee in the realty, when it appears that the intention of the testator is to give a less estate. Therefore the blending in the present case is without effect in defining the estate given in the land.

Judgment affirmed.