## Stephenson's Estate (No. 1).

*Will—Construction—Devise—Bequest.*

Where testator gives and bequeaths his residence to his wife, "to have and to hold for her use during her natural life provided she remains my widow, and one-third of all other property real and personal I am possessed of, together with three hundred dollars," and also the furniture and household goods in his residence, the gift to the widow of "one-third of all other property real and personal," is a gift to her absolutely, and not for life.

Argued Nov. 22, 1905.    Appeal, No. 196, Oct. T., 1905, by Lillie Troub, from decree of O. C. Chester Co., dismissing exceptions to auditor's report in Estate of Robert Stephenson, deceased.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Exception to report of H. H. Gilkyson, Esq., auditor.
The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*A. M. Holding,* for appellant, cited: Evans v. Knorr, 4 Rawle, 66 ; Neide v. Neide, 4 Rawle, 75 ; Cooper v. Pogue, 92 Pa. 254; Du Pont v. Du Bos, 52 South Carolina, 244 (29 S. E. Repr. 665) ; Noble v. Ayers, 61 Ohio, 491 (56 N. E. Repr. 199).

*Frank S. Groff,* with him *Gibbons Gray Cornwell,* for appellee, cited: Reck's App., 78 Pa. 432; Flintham's App., 11 S. & R. 16 ; Weidman v. Maish, 16 Pa. 504 ; Hancock's App., 112 Pa. 532; Rewalt v. Ulrich, 23 Pa. 388 ; Smith's App., 23 Pa. 9 ; McFarland's App., 37 Pa. 300 ; Fitzwater's App., 94 Pa. 141.

OPINION BY BEAVER, J., January 13, 1906 :
The will of Robert Stephenson, the interpretation of which is the question involved here, contains this item :
"Item. I give and bequeath to my beloved wife, Rachel
        VOL. XXX—7

Stephenson, the residence situate in the borough of Honey Brook, to have and to hold for her use during her natural life, provided she remains my widow, and one-third of all other property, real and personal, I am possessed of, together with three hundred dollars." " One-half of my real estate and personal property remaining " is bequeathed to his living daughter, and to the two children of his deceased daughter, the remainder, to be equally divided between them. In a residuary clause, he provides : " I hereby give, devise and bequeath to my wife Rachel, all the furniture and household goods in the residence aforesaid."

It is contended by the appellant that the words "to have and to hold for her use during her natural life, provided she remains my widow " apply not only to his residence but also to the bequest of the one-third of all other property, real and personal. It is admitted that the bequest of $300, as found by the auditor, was absolute.

Wills are as diverse as the minds of the men who make them or the minds of the scriveners who attempt to interpret in language the intentions of the men who make them. It is very difficult, therefore, to apply general rules, deduced from particular cases, to the interpretation of other wills. The one canon of construction which has universal application is that the intention of the testator must be gathered, so far as it can be, from the terms of his will.

Upon the face of his will, the intention of the testator seems to be perfectly clear. He wishes his wife, first of all, to have a home, while she lives or remains his widow. In order that there may be no derangement in her mode of living, he attaches, to what is evidently a printed residuary clause, the bequest to his wife of all the furniture and household goods in the residence aforesaid. It would seem, therefore, as if he had her comfort primarily in mind. Whether the remainder of his estate is actually converted by the authorization of the executor to sell, it is very clearly apparent that a conversion was intended, and we have, therefore, in the item under consideration, a devise of real estate and a bequest of personal property in practically the same sentence. It is to be observed also that there are three distinct directions in this item, written as if it were one sentence. There is a devise of real estate for life or

widowhood, there is an absolute bequest of $300, and, between the two, there is the bequest of one-third of all other property, real and personal, of which the testator was possessed. To which of these two, concerning which there is no doubt, shall we attach the middle one? The appellant contends that it must be regarded as being controlled by the limitations or conditions attached to the devise, because it is held thereto by the word "and." Might it not be contended, with equal propriety and force, that it is attached to the last by the words "together with"? Giving the conjunction "and" the significance and force of the word "also," is not the common sense interpretation of the item, this: "I give and bequeath to my beloved wife, Rachel Stephenson, the residence situate in the borough of Honey Brook, to have and to hold for her use during her natural life, provided she remains my widow, and (I also give her) one-third of all other property, real and personal, I am possessed of, together with three hundred dollars."

The intention of the testator, taking the entire scope of his will as the evidence of such intention, is, to our mind, very clear, and needs the application of no artificial rules to make it plainer. The presumption of law is, in the absence of absolutely controlling conditions or limitations, that a bequest of personal property is absolute and it requires clear and specific language to limit it to a life or less estate.

Unfortunately for the appellant, the cases in Pennsylvania cited by her counsel do not support the rule which he invokes. The case of Evans v. Knorr, 4 Rawle, 66, in which the subject is discussed, holds that the item: "I also give and bequeath unto the said George Knorr the sum of one thousand dollars, in trust for the use of her, the said Ann Evans" is not controlled by a previous devise of land and bequest of goods and chattels to George Knorr, to be held "in trust, only to and for the sole and separate use of Ann Evans and the heirs and assigns of her, the said Ann, forever, so that the same shall not be in any manner or way whatever subject to any of the debts, contracts or engagements of her husband," but that the said bequest of $1,000, although in trust, went to the husband. There would be much more reason for applying the appellant's rule to that case than to the one under consideration, because both bequests were in trust, and it would seem to be reasonable

that the distinct trust impressed upon the former devise and bequest should be applicable to the latter.

So in Cooper v. Pogue, 92 Pa. 254, the will contained the following clause : "To my beloved wife P, (so long as she remains my widow) I give all the income of the home farm on which I now live, containing 200 acres more or less, with all the tenements and appurtenances belonging thereto, together with all the products arising therefrom ; also, the mansion house in which I live, together with all belonging to it and all that is in it or about it I give to my beloved wife P, the same to be hers and to belong to her forever: held, that the widow had a life estate in the realty, limited further by the duration of her widowhood, and that she took the personalty absolutely." The intention of the testator there was very evident, to be gathered from the words of the item itself, but not more evident than the intention of the testator in the case under consideration, as gathered from his entire will.

We are in entire harmony with the opinion of the court below in disposing of the exceptions to the auditor's report and do not deem it necessary to indulge in further discussion.

As was said by Mr. Justice SHARSWOOD, in Reck's Appeal, 78 Pa. 432 : "All mere technical rules of construction must give way to the plainly expressed intention of a testator, if that intention is lawful. It is a rule of common sense as well as law, not to attempt to construe that which needs no construction."

The decree of the court below is affirmed and the appeal dismissed at the costs of the appellant.

---

## Stephenson's Estate (No. 2).

OPINION BY BEAVER, J., January 13, 1906 :

A stipulation has been filed in this case that the judgment rendered in Troub's Appeal, ante, p. 97, shall govern in the disposition of this appeal.

An opinion has been filed in Troub's Appeal which, according to the stipulation, governs this, so that the decree of the court below is affirmed.