LAUCK *v.* BURNETT.

4-4244

Opinion delivered April 6, 1936.

*Owens & Ehrman* and *Herschell Bricker,* for appellants.

*Troy W. Lewis,* for appellee.

SMITH, J. James W. Allen died testate June ......, 1932, seized and possessed of lot 1, block 12, Worthen's Addition to the city of Little Rock. He was survived by his wife, Helen Allen, and four adult children of a former marriage, and an infant child of himself and his surviving widow. Under the terms of his will he appointed his wife, Helen, executrix, and directed that the expenses of his last illness and his debts be paid. The will then provided: "It is my desire that my wife, Helen Allen, remain in possession and enjoy my estate during her lifetime or until a future marriage, at which event, I devise and bequeath to all lawful heirs, share and share alike, all my property, moneys, chattels and effects wherever situated, belonging to my estate after all debts set out in paragraphs two and three have been paid. It is my express desire that our beloved children, Winifred, Arthur, Dora, Josie, and Jack, leave all property herein described in undisturbed possession of my wife during

her lifetime or until remarriage, and upon either her death or marriage all property belonging to my estate is to be equally and impartially divided among said children.''

The testator owned no other real estate and his personal property was of less value than $300. The widow and minor child, now eleven years old, were, therefore, entitled to have an order vesting the personal property in them under the provisions of § 80, Crawford & Moses' Digest. The lot was the testator's homestead.

The adult heirs caused the will to be probated July 22, 1932. Thereafter, on August 21, 1933, the testator's widow married Robert Burnett, but she and her husband and the testator's minor child continued to reside on the lot.

The adult heirs brought suit in ejectment against Mrs. Burnett and Robert Burnett, her husband, in which they prayed judgment awarding possession of the lot to them and to the infant child of their father. This is an amended and substituted complaint for an amended and substituted complaint and the answer filed thereto sets up several defenses; among others, the plea of res adjudicata based upon a judgment of the probate court. The cause was submitted upon the pleadings and the record of the proceedings in the probate court and was dismissed, from which judgment is this appeal.

For the reversal of this judgment it is insisted that the widow's failure to renounce the will operated as an election to take under it, and that the probate court did not adjudge otherwise, the proceedings in that court having been instituted for the purpose only of removing the widow as executrix. It is, therefore, insisted that the widow, having remarried and not having renounced the will in the manner provided by statute, has lost any interest in the lot she might have taken under the Constitution and laws of the State or under the will.

The testator's widow has not lost her homestead right. The proceedings instituted by the adult heirs in the probate court prayed the removal of the widow, as executrix, although she had never qualified or assumed to act as such. This motion alleged that the widow,

"has accepted the benefits accruing to her under the aforesaid will."

As has been said, the will was probated by the adult heirs, and this was done without consulting the widow. She filed in this probate court proceedings on September 30, 1933, a renunciation of the will and a declaration of her election to take under the laws of this State in such cases made and provided. The 18 months allowed by § 3542, Crawford & Moses' Digest, for the execution of a deed of renunciation had not then expired. She also filed a response alleging that the adult heirs had at all times been advised of her intention to take under the law rather than under the will. This response alleged the homestead right. The order of the probate court dismissed the petition of the adult heirs. That order was made November 17, 1933, and was not appealed from. A few days later, the widow filed what was designated as "First and Final Report of the Executrix." This report alleged that her husband left no estate, except his homestead, and personal property of a value less than $300. The widow claimed the lot as a homestead and alleged that it had been improved and made habitable by the expenditure of about $2,000 of her own money. This report was approved and the executrix discharged January 9, 1934, and no appeal was prosecuted from that order.

Appellants cite and rely upon the case of *Helm* v. *Leggett*, 66 Ark. 23, 48 S. W. 675, for the reversal of the judgment of the circuit court dismissing their substituted complaint as herein stated. It was held in the case cited that a devise of land by a testator to his wife for so much of her natural life as she shall remain unmarried and upon her death or subsequent marriage, to his children is valid. It was there also held, to quote a headnote, that, "Where a testator devised certain lands, including his homestead, together with the sole use and control thereof and all rents and issues arising therefrom, to his wife for and during her natural life or widowhood, provided that upon her subsequent death or marriage it should go to his child, the devise is repugnant to her right of homestead, and if she elects to take under the

devise, she cannot, after marrying, hold the homestead or any of the other lands devised to her.'' In other words, there is the same obligation to elect as to claim of homestead as there is to elect in regard to dower, and either or both may be lost, if repugnant to the devise, by accepting the devise.

The probate court had the jurisdiction to assign the homestead to the widow and minor or to the widow or minor. Section 5525, *et seq.*, Crawford & Moses' Digest. The proceedings in the probate court raised the question of the right of the widow and her infant child to have the lot set aside to them as their homestead, and we think the effect of the proceedings had in the probate court was to do so; from which order no appeal was prosecuted. After the probate court order having that effect had been made, the widow then filed what was designated as her first and final settlement showing not only that there were no unpaid debts, but that the personal property was of a less value than $300, and that there was no necessity for any administration. That report was also approved by the probate court. The effect of the judgment here appealed from is to leave the order of the probate court in full force and effect, awarding the widow and minor child their right of homestead in the lot.

This judgment is correct, and is therefore affirmed.