## COANE v. PARMENTIER.

Devise of a house to my wife, the remainder of my property to my wife one part, to each child one part: "My mother-in-law to live in the house with my wife and children; or, if she prefers it, to receive in lieu thereof $200." The widow, by acceptance of the devise, becomes contingently liable for the charge, and her estate is thereby enlarged into a fee-simple.

FROM the Nisi Prius.

*Feb.* 9. The action was brought on a covenant by defendant, that she was seised in fee-simple, contained in an indenture conveying the land to plaintiff. Her title was under the will of her husband, dated in 1820, which was as follows: "I do bequeath to my dear wife the house and lot I now occupy," being the premises conveyed by her. "I do bequeath the rest of my property as follows: to my spouse one part," to each of his six children one part: "my mother-in-law, Eliza Bussy, to live in the house with my wife and children, or, if she prefers it, to receive in lieu thereof $200."

Testator, who was a native of Holland, left $8,000 in personalty, but no other real estate.

BURNSIDE, J., entered judgment for defendant.

*C. J. Biddle,* for plaintiff in error:—It is a settled rule that, if the charge is on the land, the estate is not thereby enlarged by implication: 10 Wheat. 205. Here there are no express words directing the person to pay; it will, therefore, fall on the estate relieved of the encumbrance—that is, the widow for life, and the remainder-men after her death: 10 John. 151; 6 W. 171.

*Haly,* contrà.—There being no express devise of the real estate after the wife's death, the presumption is strong, he intended a complete disposition of it, by the gift, to her. It would be an inconsistency, in the mind of an ignorant man, to give a life-estate with a remainder to the tenant for life. But here the widow became personally liable to the charge, by accepting the estate, and as the defect is merely want of words of limitation, the estate is enlarged by implication: Lobach's case; 9 Barr, 151; 2 Yeat. 61.

*Feb.* 12. GIBSON, C. J.—There is no dispute about principles in this case; the question regards their application to it. The intention to give a fee is clear; but a mere intention, without operative words, whether the devisor were native or alien, would not be enough. This will contains no such words; but it contains a devise, to the devisor's mother-in-law, of a right to live during her lifetime in the mansion-house, with his widow and children, or, at her option, to receive $200 as an equivalent for it. From whom? The charge in favour of the mother-in-law, was at the expense of the widow's comfort and convenience; but the substitute for it was not intended to be in ease of it, but for the accommodation of the mother-in-law. It was intended merely to give her an option; and who was bound to furnish the equivalent? Certainly the party relieved by it. It was an accessory which followed its principal, the charge on the estate. It certainly was not intended to throw it on the residuary legatees, who had nothing to do with the realty. But would the widow have been personally bound to furnish the equivalent, had the mother-in-law demanded it? Lobach's case settles that question. An acceptance of land charged with money, creates an implied promise to pay it: Rushton *v.* Rushton, and the English cases, are to the same effect. As the widow, therefore, was personally liable to pay a sum charged, though contingently, on the premises, she might have been a loser by taking an estate merely for life; and the implication, therefore, is that she should have a fee.

Judgment affirmed.