## James C. Patton *v.* Pearson Church et al., Appellants.

*Will—Estate during widowhood.*

Testator directed as follows: "I give, devise and bequeath unto my wife, Anna B. Church, my homestead lot and buildings thereon, with the appurtenances, situate in the city of Meadville, Pa., and also all my household goods and furniture, horses, cows, carriages, sleighs, harness, and the like to be occupied and used by her as and for a family home during her widowhood." The residue of the estate was devised and bequeathed to the wife and children in such shares and estates as they would take under the intestate laws. *Held*, that the wife took an estate during widowhood, and not in fee.

Argued April 30, 1895. Appeal, No. 50, July T., 1894, by defendants, from judgment of C. P. Crawford Co., Sept. T., 1892, No. 28, on verdict for plaintiff. Before WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for an undivided one sixth interest in a lot on the southwest corner of Centre street and Public Square in the city of Meadville. Before HENDERSON, P. J.

At the trial it appeared that Gaylord Church died in September, 1869, leaving a will, the material portions of which were as follows:

"First. I give, devise, and bequeath unto my wife, Anna B. Church, my homestead lot and buildings thereon, with the appurtenances, situate in the city of Meadville, Pa., and also all my household goods and furniture, horses, cows, carriages, sleighs, harness, and the like to be occupied and used by her as and for a family home during her widowhood. . . .

"Eighth. And as to all the rest and residue of my estate I give, devise, and bequeath the same to my wife and to my chil-

dren in such portions, shares and amounts of interest and estate as is directed by the laws of Pennsylvania in cases of intestacy."

In 1888 the plaintiff, James C. Patton, purchased at sheriff's sale the interest of Alfred G. Church, one of the children of the testator. This was during the lifetime of the testator's widow, who never remarried, and who died in February, 1892. After her death the plaintiff's vendee brought this action of ejectment and a verdict was rendered for plaintiff subject to the point reserved, whether the testator's widow took a fee or life estate under her husband's will.

HENDERSON, P. J., filed the following opinion :

" The spontaneous interpretation of the first clause of the testator's will is that it gives to his widow a limited estate and not an estate in fee simple.

" Taking the whole clause together and giving to each word its appropriate sense, the devise to Anna B. Church is during widowhood. The testator was a lawyer of ability and merited distinction, and must be presumed to have understood the significance of the terms used by him. If he had intended to devise a fee to his wife no one knew better than he did how to express that intention in apt and effective words.

" The limitation of the estate devised to the use of the devisee during widowhood was doubtless intended by the testator in the sense in which the language would be ordinarily understood, and as the devisee continued unmarried during the remainder of her life, she took a life estate under the will.

" By the eighth clause of the will all the residue of the testator's estate is devised and bequeathed to his wife and children in such shares and estates as they would take under the intestate laws of the commonwealth.

" It was contended in argument that this clause was inconsistent with the interpretation first given to the first clause. It does not seem so to me, however.

" The wife was to have the homestead during widowhood ; if she remarried she would be entitled to dower thereafter in the same property, and in any event the children would be entitled to the remainder.

" No disposition was made in the first clause of the fee, and the eighth clause was inserted to cover all property and estate not specifically devised or bequeathed.

" It is consonant therefore with the first. The interpretation indicated gives effect to all the words of the devise, and judging from the language used by the testator is that which he intended to convey.

" Judgment is accordingly entered upon the verdict in favor of the plaintiff."

*Error assigned* was in entering judgment for plaintiff.

*Pearson Church*, for appellants.—The widow took a fee : Smith's App., 23 Pa. 9; Hall v. Dickinson, 31 Pa. 76; Schoonmaker v. Stockton, 37 Pa. 461; Crosky v. Dodds, 87 Pa. 359 ; Shinn v. Holmes, 25 Pa. 142; Schriver v. Meyer, 19 Pa. 87 ; Wood v. Hills, 19 Pa. 513; Foster v. Stewart, 18 Pa. 23 ; Geyer v. Wentzel, 68 Pa. 84; Etter's Est., 23 Pa. 381; Rewalt v. Ulrich, 23 Pa. 388; Letchworth's App., 30 Pa. 175; Burd v. Burd, 40 Pa. 182; Womrath v. McCormick, 51 Pa. 504; Fahrney v. Holsinger, 65 Pa. 388: Biddle's App., 80 Pa. 258 ; McIntyre v. McIntyre, 123 Pa. 329 ; Snyder v. Baer, 144 Pa. 278 ; Anders v. Gerhard, 140 Pa. 154; Widener v. Beggs, 118 Pa. 374; Dilworth v. Gusky, 131 Pa. 344; Coles v. Ayers, 156 Pa. 199.

*F. P. Ray*, for appellee.—The widow's estate is expressly for widowhood or for life, because it might probably last for life, and in this case did last for life, but is liable to be determined sooner, on the happening of the contingency of her marriage : 2 Blackstone's Com. 121; 4 Kent's Com. 26; Cooper v. Pogue, 92 Pa. 254; Dixon v. Ramage, 2 W. & S. 142; Long v. Paul, 127 Pa. 456; Fox's Est., 1 Pearson, 437; Musselman's Est., 39 Pa. 469; Shirey v. Postlethwaite, 72 Pa. 39; Boyle v. Boyle, 152 Pa. 108.

PER CURIAM, May 20, 1895 :

The able argument of the learned gentleman who represents the appellants has not persuaded us that the interpretation of the will of Gaylord Church on the trial in the court below was erroneous. The reasons given in support of his ruling by the learned trial judge are so satisfactory to us that we affirm the judgment on the opinion filed on the disposition of the reserved question.

The judgment is affirmed.