Scott, Appellant, *v.* Murray.

*Wills—Estate in fee simple—Conditional estate—Defeasible estate—Gift to widow.*

Where a testator devises all his estate, real, personal and mixed to his wife "and her heirs and assigns forever so long as she remains my widow," and the widow dies without having remarried, she dies seized of an estate in fee simple.

Argued March 5, 1907.    Appeal, No. 26, Oct. T., 1907, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Sept. Term, 1906, No. 797, for defendant on case stated in suit of W. L. Scott and C. L. Saxton v. R. J. Murray.    Before Mitchell, C. J., Brown, Mestrezat, Elkin and Stewart, JJ.    Reversed.

Case stated to determine the marketable title to real estate.

From the record it appeared that plaintiff claimed title by mesne conveyances from Sarah McWhinney.    Mrs. McWhinney's title was derived under her husband's will, the material portion of which was as follows:

"1. I give, bequeath and devise all my estate, real, personal and mixed, of every kind whatsoever, to my dear wife, Sarah McWhinney, and her heirs and assigns forever, so long as she remains my widow."

The court in an opinion by Brown, J., following Cooper v. Pogue, 92 Pa. 254, held, that Mrs. McWhinney took only a life estate, and consequently entered judgment for defendant.

*Error assigned* was the judgment of the court.

*C. E. Theobald* and *J. A. Langfitt*, of *Langfitt & McIntosh*, for appellant.

W. D. N. Rogers, with him O. S. Richardson, for appellee.

PER CURIAM, May 13, 1907:

Testator devised all his estate, real, personal and mixed to his wife "and her heirs and assigns forever." This was a fee simple in the very language of the books, and if he had stopped here there could have been no question. But he added, "so long as she remains my widow." These words, however, do not indicate any intention to cut down the quantum of estate granted, which is never done except in obedience to a clear intent. No such intent is expressed here. On the contrary, the words are equivalent to saying "provided she remains my widow," and instead of cutting down the estate, merely attached a condition which made it defeasible in toto on a breach. The widow not having remarried died seized in fee.

The learned court below thought the case governed by Cooper v. Pogue, 92 Pa. 254. But the operative language of the will there was "to my wife, so long as she remains my widow, I give the income of the home farm . . . . also the Mansion House," etc. There was no primary gift of the fee as in the present case, but a gift of income and profits, expressly limited to widowhood, and the court held that the devise of the Mansion House, etc., was limited to the same estate. The present case is more analogous to Redding v. Rice, 171 Pa. 301, and is a stronger case for a fee.

Judgment reversed and judgment directed to be entered for plaintiff.