# Fidelity Trust Company, Appellant, *v.* Bobloski.

*Wills—Construction—Gift to widow—Remarriage—Defeasible estate in fee.*

1. In case of doubt the construction of a will should be in favor of the first rather than of the second taker; of a general or primary intent rather than of a particular or secondary one; and where a devisee is subjected to a charge or burden doubts as to the quantum of the estate should be resolved in his favor.

2. An indefinite devise coupled with a charge on the devisee passes a fee.

3. Testator by his will provided as follows: "I. Fully convinced, that my wife is able as well as willing, after my decease to instruct and educate our children, and to take care and administer our joint property, just as good as if I was still living I wish and direct that my said wife shall take possession and enjoy and administrate for the time that she remain a widow all of my real and personal estate and effects. . . . I wish and direct that my said wife shall assist to the best of her ability, our children, when they become of age, to procure the ways and means best adapted for their future welfare and position to secure their own means. . . . At and of the event of my said wife .again becoming married, all my real and personal estate shall be divided between herself and our children, according to the laws of this commonwealth. . . . To assist my wife in the execution of my real and personal estate as well as in the execution of my last will and testament, I herewith appoint herself" and two other persons named, as executors. *Held,* that the widow took a defeasible fee, which upon her death without remarriage became a fee absolute.

Argued March 23, 1910. Appeal, No. 63, Jan. T., 1910, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1909, No. 4,596, for defendant on case stated in suit of Fidelity Trust Company, Committee of the Estate of Maria Louisa Hoffman, v. Moses Bobloski. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Case stated in amicable action of ejectment. Before MARTIN, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant on the case stated.

*H. Gordon McCouch*, with him *George S. Munson*, for appellant, cited: Redding v. Rice, 171 Pa. 301; Drennan's App., 118 Pa. 176; Kane's Est., 185 Pa. 544; Walker v. Quigg, 6 Watts, 87; Long v. Paul, 127 Pa. 456.

*John Marshall Gest*, for appellee, cited: Campbell v. Carson, 12 S. & R. 54; Kiefel v. Keppler, 173 Pa. 181; Witmer v. Delone, 225 Pa. 450; Presbyterian Church v. Disbrow, 52 Pa. 219; Lee v. Stephens, 2 Shower, 49; Jackson's Est., 179 Pa. 77; Lloyd v. Jackson, L. R. 1 Q. B. Cases, 571; Pickwell v. Spencer, L. R. 7 Exch. 105; s. c., L. R. 6 Exch. 190; Morrison v. Semple, 6 Binn. 94; Crosky v. Dodds, 87 Pa. 359; Cooper v. Pogue, 92 Pa. 254; Rohrbach v. Sanders, 212 Pa. 636; Koble v. Bennett, 40 Pa. Superior Ct. 79; Scott v. Murray, 218 Pa. 186.

OPINION BY MR. JUSTICE MOSCHZISKER, April 18, 1910:

The only question raised by this appeal concerns the quantum of the estate taken by the widow under the following will: "I. Fully convinced, that my wife Philippina (née Doll) is able as well as willing, after my de-

cease to instruct and educate our children and to take care and administer our joint property, just as good as if I was still living I wish and direct that my said wife shall take possession and enjoy and administrate for the time that she remains a widow all of my real and personal estate and effects including the shares of the different Building Associations to which I do belong or might hereafter belong, Subject however to the condition that she shall not sell, dispose of or contract any debt or liabilities of and on any of my said Real estate or city loan without the consent of Executors hereinafter named. II. I wish and direct that my said wife shall assist to the best of her ability, our children, when they become of age, to procure the ways and means best adapted for their future welfare and position to secure their own means. III. At and of the event of my said wife again becoming married, all my real and personal estate shall be divided between herself and our children, according to the laws of this commonwealth, and a guardian shall be appointed for such of our children as are then not of age. IV. To assist my wife in the execution of my real and personal estate as well as in the execution of my last will and Testament, I herewith appoint herself, Peter Kohlhas and my brother P. C. Hoffman all of the City of Philadelphia State of Pennsylvania as Executors of and to this my last will and testament." The testator, Jacob Hoffman, died seized of certain real estate. The court below held that the widow took a fee in this real estate defeasible upon her remarriage. The question is not entirely free from doubt, but we are convinced that this is the correct interpretation of the will.

In case of doubt the construction of a will should be in favor of the first rather than of the second taker; of a general or primary intent rather than of a particular or secondary one; and where a devisee is subjected to a charge or burden, doubts as to the quantum of the estate should be resolved in his favor: Jackson's Est., 179 Pa. 77.

The testator refers to the estate as "our joint prop-

erty," and shows an intention to substitute his wife for himself in relation thereto. She appears the first and principal object of his bounty, and his general or primary intent seems to be to give her the property as he had it, trusting her to take care of their children. His expression of confidence that his wife would educate the children, and his direction that she should assist them when they became of age "to procure the ways and means best adapted for their future welfare and position to secure their own means," tend to demonstrate this primary intent, and go far to show a purpose to give her an estate in fee. It is a well-settled rule that an indefinite devise coupled with a charge on the devisee passes a fee. In Lloyd v. Jackson, L. R. 1 Q. B. Cases, 571; s. c. L. R., 2 Q. B. Cases, 269 (before the Wills act), the testator directed: "I give and bequeath to my beloved wife, all and singular my lands, messuages and tenements, by her freely to be possessed and enjoyed, all of my children to be educated and settled in business according to my wife's discretion;" and it was held that the language indicated an intention that the wife should take such an estate as would enable her to carry out the wishes of the testator, and that she took an estate in fee. This view was sustained on appeal by the exchequer chamber, L. R. 2 Q. B. Cases, 269; KELLY, Chief Baron, saying: "Whether this duty be obligatory or whether it be discretionary, we are of opinion that the effect of this part of the will is to confer the fee simple and not merely an estate for life." The rule laid down in this English case has always obtained in Pennsylvania: Burkart v. Bucher, 2 Binney, 455; Coane v. Parmentier, 10 Pa. 72; Fahrney v. Holsinger, 65 Pa. 388; Jackson's Est., 179 Pa. 77.

"Our cases all hold that a devise generally or indefinitely, with power of disposition, carries a fee:" Witmer v. Delone, 225 Pa. 450. The present will, by clear implication, gives to the widow the power to sell and dispose of the estate. The executors are expressly appointed "to assist my wife in the execution of my real and per-

sonal estate." They are given no interest in or power of sale over the real estate, and their function respecting it is made advisory to the widow. The direction that the widow could not sell or dispose of the real estate or city loans without the consent of her coexecutors cannot serve to defeat the fee.

The words of the devise, taken in connection with the other parts of the will, are sufficient to vest a fee in the widow. In Snyder v. Baer, 144 Pa. 278, the words, "I direct that my beloved wife shall have and hold the property where I now reside," were held to carry a fee. In the present instance the testator directs that his wife shall take possession of and enjoy all of his real and personal estate. In Campbell v. Carson, 12 S. & R. 54, we held that a devise to a wife of property "to be by her freely possessed and enjoyed" passed a fee; and this was before the Act of April 8, 1833, P. L. 249. "The Act of 1833, changes the rule of construction by its command that 'All devises of real estate shall pass the whole estate of the testator in the premises devised . . . . unless it appear by a devise over, or by words of limitation, or otherwise in the will, that the testator intended to devise a less estate.' Starting with this statutory presumption, the burden of proof is now upon those who claim that a less estate was intended by the testator:" Keifel v. Keppler, 173 Pa. 181. There is no devise over in the present will; nor does it appear by words of limitation or otherwise that the testator intended to give his wife an estate less than a fee. The fee given to the wife was not cut down to a life estate by the provision that she was to take possession and enjoy the estate "for the time that she remains a widow," or by the further provision that in the event of her marriage the estate was to be divided between herself and the testator's children according to the intestate law. There are cases where provisions restricting a widow to the enjoyment of the property during widowhood have been held to limit the estate to her life, and others where the contrary has been ruled.

It depends in each instance upon the intent to be gathered from the will as a whole. In Redding v. Rice, 171 Pa. 301, Mr. Justice MITCHELL distinguished the former class of cases, particularly Cooper v. Pogue, 92 Pa. 254, and Long v. Paul, 127 Pa. 456, and truly said: "Precedents are of little value in the construction of wills, because when used under different circumstances with different context, the same words may express different intentions." It was held in that case that a devise to the wife "as long as she remains my widow, and if she should get married then she shall only be entitled to one-third in said property" gave the widow a fee, and, as she had not remarried, that a conveyance made by her vested an estate in the grantee which became indefeasible after her death. In Rohrbach v. Sanders, 212 Pa. 636, the devise was to a wife "provided, however, that if my said wife should again marry then I give and devise the property before mentioned to my son," and it was held that the widow took a defeasible fee, which upon her death before marriage became an absolute fee simple. And in Scott v. Murray, 218 Pa. 186, we held that the words "so long as she remains my widow," annexed to the grant of a fee, did not indicate an intention to cut down the quantum of the estate.

In the present case there is sufficient in the will to show an intention that the widow should take a defeasible fee and there is not enough to restrict the devise to an estate for life. The widow not having remarried, the fee became absolute upon her death, and the real estate in question passed under her will.

The assignments of error are overruled and the judgment is affirmed.