Opinion of Court below—Opinion of the Court. [266 Pa.

as above set forth. We take it that Hering v. Chambers, supra, rules this case and we may assume that the court in entering the judgment on the two returns of nihil had a proper record before it to give it jurisdiction.

And now, July 22, 1919, motions ex parte defendant for judgment non obstante veredicto and for new trial are refused.

Defendant appealed.

*Error assigned* was refusal of motion for defendant n. o. v.

*Clark D. Beggs,* p. p., for appellant.

*John E. Laughlin,* for appellee.

Per Curiam, January 5, 1920:

This appeal is dismissed on the opinion of the learned court below refusing defendant's motions for a new trial and for judgment non obstante veredicto.

Judgment affirmed.

---

## Schaper *v.* Pittsburgh Coal Co., Appellant.

*Wills—Gift to wife—Life estate—After-acquired real estate— After-born child—Class—Acts of April 8, 1833, P. L. 249, and June 4, 1879, P. L. 88.*

Testator gave and bequeathed to his wife "all my remaining property......so long as she remains my widow, to have and hold as her own, but if she should choose to marry again, then she is to have but one-third of all the property above named, the other two-thirds to be held in trust by her for the use of my children till the youngest becomes of age, then to be equally divided between them; if my children should die before reaching the age of twenty-one without marrying and leaving heirs of their own, then the property is still to be held by my wife as her own to do with as she may please, but if one of them dies the property goes to the others and so on." *Held:*

(a) That the words "all my remaining property" constituted a general devise of testator's property of every kind, and under section 10 of the Act of April 8, 1833, P. L. 249, and Section 1 of the Act of June 4, 1879, P. L. 88, real estate acquired after the date of the will passed by the general devise.

(b) That a son of the testator born after the date of the will (children being designated therein as a class) was provided for within the contemplation of Section 15 of the Act of April 8, 1833, P. L. 249.

(c) That the widow took and enjoyed only a life estate, and, on remarriage, a life estate in but one-third, subject to which the fee vested in testator's son and daughter.

Redding v. Rice, 171 Pa. 301, distinguished.

Argued October 20, 1919. Appeal, No. 125, Oct. T., 1919, by defendant, from judgment of C. P. Allegheny Co., July T., 1919, No. 1786, for plaintiff on case stated in suit of John G. Schaper v. Pittsburgh Coal Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Case stated to determine marketability of title to real estate. Before CARPENTER, J.

The court entered judgment for plaintiff for $13,-380.08 on the case stated. Defendant appealed.

*Error assigned* was entry of judgment for plaintiff.

*Robert N. Grier*, with him *Don Rose*, for appellant.— The coal land in question passed under the will of Charles A. Snyder, although after-acquired: Roney v. Stiltz, 5 Wharton 381.

A clause in a will making provision for children as a class has been held to include an after-born child: Leyrer's Est., 17 Pa. C. C. R. 132; Newlin's Est., 209 Pa. 456; Randall v. Dunlap, 218 Pa. 210.

The widow took a fee in one-third of the coal lands: Redding v. Rice, 171 Pa. 301.

*Hugh M. Stilley,* with him *Alexander Gilfillan,* for appellee.—The widow took a life estate: Redding v. Rice, 171 Pa. 301; Tyson's Est., 191 Pa. 218, 225; Wood v. Schoen, 216 Pa. 425, 428; Moore's Est., 241 Pa. 253; Cooper v. Pogue, 92 Pa. 254; Long v. Paul, 127 Pa. 456; Long v. Hill, 29 Pa. Superior Ct. 606.

OPINION BY MR. JUSTICE MOSCHZISKER, January 5, 1920:

On September 10, 1918, plaintiff and defendant entered into a written agreement for the sale, by the former to the latter, of an undivided half-interest in certain coal underlying lands in Allegheny County. A proper deed was tendered, and payment of the consideration demanded, which was refused on the ground that plaintiff could not convey a good title. A case stated, setting forth all material facts, was agreed to; upon consideration whereof, the court below entered judgment for plaintiff, and defendant appealed.

Charles A. Snyder executed his will in 1883, and died in 1889, leaving a widow, a daughter and a son, the latter born in 1884, a year after the execution of the will. Testator acquired the property here involved in 1884, and it, while of course not mentioned in the will, comprised all the real estate owned by him at the time of his death; although he owned other real estate when his will was made. The widow married the present plaintiff in 1893, and died in 1912, survived by her husband and the beforementioned daughter and son. The latter, in 1909, mortgaged his interest, describing it as "an undivided one-half," subject to the life estate of his mother. In 1911, the mortgaged premises were sold under foreclosure and conveyed by the sheriff to plaintiff.

The questions for our consideration, as stated by appellant, concern the proper construction to be placed upon the following testamentary provisions from the will of Charles A. Snyder: "I give and bequeath unto my dear wife, Lena, all my remaining property

......so long as she remains my widow, to have and hold as her own, but if she should choose to marry again then she is to have but one third of all the property above named, the other two thirds to be held in trust by her for the use of my children till the youngest becomes of age, then to be equally divided between them; if my children should die before reaching the age of twenty-one without marrying and leaving heirs of their own, then the property is still to be held by my wife as her own to do with as she may please, but if one of them dies the property goes to the others and so on."

We agree with the conclusions reached by the court below (not controverted by either side) that the words "all my remaining property" constitute a general devise of testator's property of every kind, and, under section 10 of the Act of April 8, 1833, P. L. 249, and section 1 of the Act of June 4, 1879, P. L. 88, the real estate in question, acquired by testator after making his will, passed by this general devise; further, that the son of testator, although born after the date of his will (children being designated therein as a class), is provided for within the contemplation of section 15 of the Act of April 8, 1833, P. L. 249: see Newlin's Est., 209 Pa. 456, and opinion of Judge PENROSE in Leyrer's Est., 17 Pa. Co. Ct. R. 132.

The important question in the case concerns the quantum of the estate taken by the widow. Appellant contends she took a fee in one-third of testator's coal lands, while appellee claims she had but a life-estate; the latter view was adopted by the court below. Undoubtedly a devise during widowhood grants but a life-estate (Cooper v. Pogue, 92 Pa. 254, 257; Redding v. Rice, 171 Pa. 301, 304); and we not only fail to find anything in the present will to indicate a design that the widow shall, upon remarriage, take more than such an interest, but, on the contrary, the testator expresses the intention that she shall take the property to do with as "she may

please," or in fee, only upon the happening of one speci-
fied contingency, which never came to pass.

Appellant cites Redding v. Rice, supra, as supporting
its contention that the widow took a fee in one-third.
In the case just referred to the relevant language is: "I
will and bequeath all my real and personal property to
my beloved wife, Mary, to have and to hold the same for
her own proper use and behoof as long as she shall re-
main my widow, and if she should get married then she
shall only be entitled to the one-third in said property,
the balance, being two-thirds, to my youngest daughter,
Kate; if the said Kate should die, then I will and be-
queath the two-thirds to my son, William, and if both
should die then the residue remaining shall be equally
divided among my remaining children." Mr. Justice
MITCHELL, who wrote the opinion, calls attention to the
fact that this language conveys no suggestion of a de-
vise over of the widow's one-third (if, by a subsequent
marriage, her share should be reduced to that propor-
tion), and, since the two-thirds to the children was in
fee, it was held that, ex necessitate, the one-third to the
widow was also in fee; further, since there was no sug-
gestion of a devise over of the whole estate after the
widow's death, if she did not remarry, it was held that
(there being no remarriage) she took a fee therein. It
will be observed that the intention to vest a fee in the
widow was derived entirely from the provisions in the
will which follow what we there said (p. 304) were "apt
words to create a life-estate," i. e., "for her own proper
use and behoof as long as she shall remain my widow";
and so, in the case at bar, the provisions following like
words develop the testator's real intention, which, to
our mind, plainly differs from that shown in the case
relied upon by appellant. If the present testator had
stopped even with the next provision—"but if she should
choose to marry again, then she is to have but one-third
of all the property above named, the other two-thirds
to be held in trust by her for the use of my children till

the youngest becomes of age, then to be equally divided between them"—Redding v. Rice might be held to rule. The testator, however, did not stop at that point, and his intention is developed by what follows, i. e., if all his children should die, leaving no issue, then the property is to be held by his wife "as her own to do with as she may please." In other words, she is to take a fee only in default of direct descendants of the testator; and this manifest intention is inconsistent with appellant's construction—that, under the first provision in the will, it was meant she should have a fee while direct heirs of the testator were living. In Redding v. Rice, the testator, considering his language as a whole, used words consistent only with an intention that his widow should take a fee in the entire estate, defeasible as to two-thirds upon her remarriage; whereas here, taking testator's words as a whole, there is a clear indication of a plain intention that only upon the happening of a certain contingency, i. e., the death of all his children without heirs, is the widow to take a fee. Under all other circumstances she is to take and enjoy a life estate only, and, on remarriage, a life estate in but one-third, subject to which the fee vested in testator's son and daughter; the court below properly so ruled.

The views already expressed render unnecessary the consideration of other questions presented by counsel.

The judgment is affirmed.