# McCall *v.* Umbenhauer, Appellant.

*Will—Construction—Devise to wife during widowhood—Fee simple estate.*

1. A devise by a husband to his wife of all his personal and real estate "to be hers absolutely, as long as she remains [his] widow," gives the widow an absolute or fee simple estate, with the single qualification that it may be defeated by her remarriage, and if she dies unmarried, her executor, acting under a power in her will, may convey such estate.

Argued February 28, 1921. Appeal, No. 411, Jan. T., 1921, by defendant, from judgment of C. P. Berks Co., Dec. T., 1920, No. 105, for plaintiff on case-stated, in suit of Harry T. McCall, executor of Josephine L. Knauer, deceased, v. Le Roy P. Umbenhauer. Before Moschzisker, C. J., Frazer, Walling, Sadler and Schaffer, JJ. Affirmed.

Case-stated to determine marketability of real estate. Before Endlich, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff on the case-stated. Defendant appealed.

*Error assigned* was the judgment of the court.

*Samuel E. Bertolet,* for appellant.

*Frank S. Livingood,* for appellee, submitted printed brief.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 25, 1921:

Plaintiff, Harry T. McCall, executor of Josephine L. Knauer, deceased, acting under a power contained in her will, sold defendant certain real estate; the vendee refused to pay the purchase money, on the ground that vendor's decedent had but a life interest and hence he could convey no title. This appeal is from a judgment for the vendor, plaintiff in a case-stated, on an action brought to compel performance of the contract of sale.

The property came to Josephine L. Knauer from her husband, Israel D. Knauer, under the will of the latter, dated February 21, 1895, in which he provided: "I.....will to my wife......all my personal and real estate, of whatever kind, to be hers absolutely, as long as she remains my widow."

Mrs. Knauer died on April 10, 1920, having remained unmarried.

The word "absolutely," in the devise just quoted, is most significant; it indicates testator intended his widow to have an absolute, or fee simple, estate (Hope v. Rusha, 88 Pa. 127, 130), and the words which follow do not serve to defeat this,—they add no more than the single qualification that, upon her remarriage, the estate so given shall pass to testator's heirs under the intestate laws. This construction is fully sustained by the following relevant authorities: Redding v. Rice, 171 Pa. 301; Rohrbach v. Sanders, 212 Pa. 636, 640; Scott v. Murray, 218 Pa. 186; Fidelity Trust Co. v. Bobloski, 228 Pa. 52; Hults v. Holzbach, 233 Pa. 367.

The cases of Cooper v. Pogue, 92 Pa. 254, and Long v. Paul, 127 Pa. 456, relied on by appellant, where the respective widows were held to have life estates, are sufficiently explained and distinguished in Redding v. Rice, 171 Pa. 301, 306, and Scott v. Murray, 218 Pa. 186, 187; and Schaper v. Pittsburgh Coal Co., 266 Pa. 154, 157, is an instance where the testator showed a clear intent not to give his widow more than a life interest, as pointed out in the opinion. While this last mentioned authority is correctly decided on its facts, yet, in saying "Undoubtedly a devise during widowhood grants but a life estate," as is there done, we put a general proposition somewhat too strongly. Whether a devise of this character grants a life estate or what is in effect a defeasible fee, depends upon the facts in each particular case, and no construction placed upon one will controls another (Redding v. Rice, 171 Pa. 301, 306); but the devise in the present instance is practically the same as the one we construed to grant a fee in Scott v. Murray, 218 Pa. 186.

Josephine L. Knauer, not having remarried, died seized of an estate in fee simple, and this is all the case stated submits for decision: Fort Pitts S. and E. Co. v. American Natural Gas Co., 269 Pa. 162, 166.

The assignments of error are overruled and the judgment of the court below is affirmed.