Kautz, Appellant, *v.* Kautz et al.

Argued September 26, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Gene E. McDonald,* with him *Henry E. Shaw* and *Scales & Shaw,* for appellant.

*Carroll Caruthers,* with him *Frank A. Rugh,* for appellees.

OPINION BY MR. JUSTICE LADNER, November 13, 1950:

This is an appeal from the Common Pleas Court of Westmoreland County, Sitting in Equity, dismissing a bill in partition and entering a decree for the defend-

ant, Harold Kautz. The sole question involved was the nature of the title conferred by a deed dated October 19, 1945, in which Anna M. Kautz conveyed the property in question to her son, Harold Kautz. This question in turn depended upon the character of the estate devised to Annie M. Kautz by her husband, George Kautz, who it is stipulated was the common source of title.

The said George Kautz died seized of the property in question on January 11, 1911, leaving a last will and testament dated January 10, 1911, by which he provided as follows: "I do hereby leave all my real estate to my wife Annie M. Kautz so long as she remains my Widow and keeps my three children together and in case of emergency money left to these may be used toward their support pennsylvania relief goes to my wife Annie M. Kautz."

Annie M. Kautz took possession of the property and resided there until the date of her death, April 22, 1948. It is stipulated that she complied with the terms of her husband's will in that she kept and cared for her three children during the period of their dependency and that she never remarried.

Prior to her death the said Annie M. Kautz, by deed dated October 19, 1945, and recorded, conveyed said property to her son, Harold Kautz. After her death, George Kautz, one of the brothers, filed this bill of partition claiming to be a co-owner of the real estate in question contending that the will of his father devised to the widow only a life estate.

The court below held that the widow took a defeasible fee conditioned upon her remaining a widow and as she did not remarry, her deed to her son Harold ripened into an indefeasible fee absolute upon her death. Therefore the partition bill was dismissed.

The ruling of the lower court was correct. The language used in the devise at common law would have

vested only a life estate subject to sooner termination on remarriage, but the Act of April 8, 1833, P.L. 249, Sec. 9, which governed at the time of decedent's death, changed the rule of construction by its command that "all devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appear by a devise over or by words of limitation or otherwise, in the will, that the testator intended to devise a less estate." With this statutory presumption the burden is now upon those who claim that a less estate was intended by the testator, to show such intent by some language: *Fidelity Trust Co. v. Bobloski,* 228 Pa. 52, 76 A. 720 (1910).

In the case before us there is no devise over nor does it appear "by words of limitation or otherwise", that the decedent meant to give his wife less than a fee. The words "so long as she remains my Widow and keeps my three children together" are not to be interpreted as cutting down her fee but as adding a condition, the breach of which would have operated to terminate her estate, thereby making the fee a defeasible one. The absence of the devise over serves to confirm this construction. The absence of a devise over, while not necessarily decisive, becomes a material consideration in a case like this in which there is nothing else in the will to throw light on the testator's intent: *Redding v. Rice,* 171 Pa. 301, 33 A. 330 (1895). And the presumption follows that a testator who made a will did not intend to die intestate. By construing this holographic will, as the court did below, the requirements of the will are completely satisfied, the widow is given a defeasible fee reduced to an estate during widowhood or even a less period of time if she failed to keep her three children together.

The learned counsel for the appellant relies on *Cooper v. Pogue,* 92 Pa. 254 (1879) where also there

was no devise over, but there the provision of the will read, "To my beloved wife, Sarah Pogue (so long as she remains my widow), I give all the *income* of the home farm, on which I now live . . . together with all the products arising therefrom, also the mansion house in which I live, together with all belonging to it, and all that is in it, or about it, I give to my beloved wife, Sarah Pogue, the same to be hers and to belong to her for ever." But this Court pointed out in *Scott v. Murray*, 218 Pa. 186, at p. 187, 67 A. 47 (1907), "There was no primary gift of the fee as in the present case, but a gift of income and profits, expressly limited to widowhood, and the court held that the devise of the Mansion House, etc., was limited to the same estate" and its contents only passed absolutely to the widow.

Appellant's counsel also cited *Long v. Paul*, 127 Pa. 456, 17 A. 988 (1889), where the gift was to the testator's wife "as long as she keeps my name," but there he gave the wife power to sell for payment of debts and it was held that if the testator had intended to give a fee the power to sell would have been superfluous, from which it was concluded that a life estate only was intended. The same distinction applies to the case of *Long v. Hill*, 29 Pa. Superior Ct. 606 (1905). Nor is *Schaper v. Pittsburgh Coal Co.*, 266 Pa. 154, 109 A. 762, (1920), helpful to the appellant, for in that case there was a gift over in the event of the widow remarrying, and the same is true of *Patton v. Church*, 168 Pa. 321, 31 A. 1079.

We regard this case, as did the court below, to be within the principle laid down by *Redding v. Rice*, 171 Pa. 301 33 A. 330 (1895); *Scott v. Murray*, 218 Pa. 186, 67 A. 47 (1907); *Fidelity Trust Co. v. Bobloski*, 228 Pa. 52, 76 A. 720 (1910); and *Kidd's Estate*, 293 Pa. 21, 141 A. 644 (1928). And see *Conner's Estate*, 346 Pa. 271, 29 A. 2d 514 (1943).

Decree affirmed at the cost of the appellant.