## Zimmerman Estate

444

*Edward E. Knauss, 3rd,* for accountant.

*John McI. Smith, William Caldwell* and *Robert A. Enders,* for exceptants.

SWOPE, P. J., June 29, 1966.—Sol A. Zimmerman died April 4, 1948. His heirs at law at the time of his death were two sisters, the child of a deceased brother, the child of a deceased sister, the three children of another deceased sister and the five children of another deceased brother.

Decedent left a handwritten memorandum, signed by himself and reading as follows:

"Highspire, Pa.                Jan. 15, 1948

"This is to certify that I Solomon A. Zimmerman being of sound mind do hereby bequeath unto my sister-in-law my Entire Estate of property including Residence at 447 Second Street and all personal property; for a period of fifteen years. My Sister-in-law Sallie V. Most to act as Executrix and Russell Kelly to act as Executor. Wm. Housman-Steelton to act as Attorney. No property to be sold for fifteen years. After which to be settled as desired. During fifteen year period, all rentals to be used for maintenance of property and balance after expenses to go to Sallie V. Most. and Russell Kelly to have his Lawful fee for services".

| "Kathryn Hickman | $100.00. |
| "Hummelstown Cemetary | $150.00. |
| "Lutheran Church | $500.00". |

This memorandum was duly admitted to probate on April 13, 1948. Sallie V. Most, testator's sister-in-law, was 75 years of age at testator's death. She died, leaving a will, on May 29, 1952.

Exceptions were filed by the executors of the estate of Sallie V. Most and the heirs at law to the first and partial account of the executor of Sol A. Zimmerman's estate. The estate of Sallie V. Most claims that the will, by direction or implication, gives the residue to Sallie V. Most, or that the will gives Sallie V. Most a power of appointment over the residue. The heirs at law contend that, except for the estate for a term of 15 years in real estate and personal property given to Sallie V. Most, in the absence of any gift over of the remainder, Sol A. Zimmerman died intestate.

The dispute in this case centers around the effect, if any, of the phrase "after which to be settled as desired" upon the dispositive provision of the will. There can be no doubt that without this phrase, the bequest to Sallie V. Most is limited to a term of 15 years in the real and personal property of Sol A. Zimmerman. The estate of Sallie V. Most contends, however, that this phrase gives the residue or, alternatively, a power of appointment over the residue to her which was exercised by her in her will. With this contention, we cannot agree. It is a fundamental rule of construction that, if possible, effect should be given to all the words, clauses and provisions of a will. It is presumed that every word was intended by testator to have some meaning, and no word or clause in the will is to be rejected to which reasonable effect can be given: Dublin Estate, 375 Pa. 599, 101 A. 2d 731 (1953); Schick Estate, 169 Pa. Superior Ct. 226, 82 A. 2d 262 (1951). Testator's intent, however, is not to be arrived at by the court's subjective deductions as to what testator might have meant or perhaps did mean but did not say; the scope of inquiry is limited

to the meaning of what testator has said: McFerren Estate, 365 Pa. 490, 76 A. 2d 759 (1950). The phrase "after which to be settled as desired" is so vague and so indefinite that an attempt to give it any dispository effect would require a forced, strained and arbitrary construction beyond all reason. In McKean Estate, 159 Pa. Superior Ct. 409, 412, the court held that the clause " 'all other things you do as you think best' ", was "so vague and so indefinite as to render its purpose and meaning incomprehensible and entirely without dispositive effect". And while the interpretation placed upon a clause in one will cannot be determinative of the proper interpretation to be placed upon a similar clause in another will, we feel the rejection of the phrase in McKean Estate was proper and justifies a like result in this case.

This court is not unmindful of the presumption against partial intestacy and the tendency for courts to strive to adopt a construction which will avoid such an intestacy: Kautz v. Kautz, 365 Pa. 450, 76 A. 2d 398 (1950). The wording of the will in dispute, however, even when subjected to the tests of all the rules that can be mustered in support of testacy, is still without dispositive effect as to the remainder. The court cannot, for the sake of avoiding a partial intestacy, substitute mere conjecture for the unknown intent of testator. Thus, it has been said:

"While judicial interpretation of a will is aimed to ascertain the intention of the testator and may therefore, in some instances, lead to the conclusion that a bequest, though not formally expressed in the will, is nevertheless implied, such an inference is justified only if the testator's intention to that effect is so clear as to be beyond reasonable doubt; it must not rest upon mere conjecture nor arise wholly from the disinclination of a court to declare a partial intestacy": Verner Estate, 358 Pa. 280, 284 (1948).

Furthermore, although it is presumed that a testator

who has made a will intended to dispose of his whole estate, we are met by an equally forceful presumption that an heir is not to be disinherited except by plain words or necessary implication: Vandergrift Estate, 406 Pa. 14, 177 A. 2d 432 (1962).

"It takes an intelligible will, if not a plain one, to disinherit, either in whole or in part, those who by law, are entitled to the succession. Every man has an undoubted right to give his property to whom he pleases; but where the usual, natural, just and legal course of distribution is to be changed, it must be done by words at least tolerably free from ambiguity": Weber's Appeal, 17 Pa. 474, 479 (1851).

Even if we attempt to give effect to the words of testator, we reach the conclusion that there was a partial intestacy. The words "after which to be settled as desired" are not words of disposition. To the layman, the term commonly connotes the administration of the estate, including the sale and distribution of the assets to the legal heirs of decedent. To read into this phrase an intent which does not even implicitly appear "would be a perversion of the functions of the court, and deprive a testator of the right to dispose of his property": Grothe's Estate, 229 Pa. 186, 192. Thus, although we do not so hold, it may well be that testator by these words intended that the remainder pass according to the laws of the Commonwealth governing the devolution of property. Such a construction results from a far less strained and forced interpretation than that contended for by the estate of Sallie V. Most. It would require a very strained construction of the will to say that testator intended and did, in fact, give his sister-in-law his entire estate, in view of the fact that she would have been 90 years old before testator intended her to have any right to deal with the property. It seems highly unlikely that testator was desirous of having his property pass under the will of Sallie V. Most. This is the only plausible

aim testator could have had under the interpretation urged by the estate of Sallie V. Most. If this, in fact, was testator's intention, he has failed effectively so to provide. Therefore, we hold that, as to the remainder of his estate, decedent, Sol A. Zimmerman died intestate, and the remainder vested in his heirs living at the time of his death: McFarland Estate, 155 Pa. Superior Ct. 466, 38 A. 2d 491.

We further hold that under the will of Sol A. Zimmerman, Sallie V. Most received the net income from the properties for the term of 15 years, now expired, and that, upon her death, four years after the death of testator, this term of years did not cease, but inured to the benefit of the person named under her will, Harold V. Most. Nowhere in the will does there appear any limitation on the term of 15 years granted to Sallie V. Most, or that the estate was to terminate in the event of the death of Sallie V. Most within the 15 year period. A term for years in real or personal property has been described by the Pennsylvania Supreme Court as "a chattel real, which is personal property": Townsend v. Boyd, 217 Pa. 386, 394 (1907). Such an interest, often described as a "lease", may be assigned: 1 Tiffany, Real Property, §118 (3d ed.). It would further appear that, unless expressly limited to a life estate, the death of the lessee will not terminate the estate, but such estate will pass with the rest of decedent's personal property in accordance with his last will or with the laws of the State: 1 Tiffany, Real Property, §120 (3d ed.).

It is the conclusion of this court, and we therefore order, that the estate of Sallie V. Most is entitled to receive the balance of the net income from the property not already received for a period ending April 4, 1963, and that since this period has already ended, the principal of the estate should be awarded to the heirs who were living at the time of the death of Sol A. Zimmerman or their estates.